James H. Adams v. Robert T. Specht, *as Probate Judge of Rice County.*

Guardian — *No Appeal from Appointment.* The power vested in the probate court to appoint a guardian of the estate of a minor is largely a discretionary one, and no appeal lies to the district court from the exercise of such power.

*Error from Rice District Court.*

In May, 1886, *James H. Adams* brought this proceeding in the district court of Rice county against W. H. Wolfe, who was then probate judge of Rice county, to compel him to approve an appeal bond tendered by Adams for the purpose of obtaining an appeal from an order made by the probate judge, and to transmit to the clerk of the district court a transcript of all the records, papers and proceedings pertaining to the matter in which the appeal was attempted to be taken. He alleged that on August 20, 1885, he filed a petition in the probate court praying for his appointment as guardian of the estate of Irene M. Adams, a minor heir of Edward T. Wilson, deceased, and late of Rice county, and that he then and there tendered a good and sufficient bond for the faithful discharge of his duties as guardian; and he based his right to be appointed upon the fact that he was the foster father of the minor. He further stated that a hearing was had by the court upon the application on August 31, 1885, and a decision was rendered, denying his application and granting the application of one Thomas R. Brown, who was appointed as guardian. It is then alleged that he considered himself aggrieved at the decision, and on September 30, 1885, and during the July term of the probate court, he tendered an affidavit and bond for an appeal from the decision, which was in due form and signed by good and sufficient sureties. But the court refused to approve the bond or file the same, and the reason given for the refusal was that the papers for the appeal were not tendered within the proper and legal time. An alternative writ of mandamus was allowed, which recites substantially the fore-

going facts, and commanded the probate judge to approve the appeal bond so tendered, and to transmit to the district court all the papers and the proper transcript of the record and proceedings pertaining to the matter in which the appeal was attempted to be taken. An answer was filed, denying the allegations set forth in the alternative writ, and alleging that there was no proceeding in the probate court from which Adams could under the law appeal to the district court, and that he did not present any sufficient bond to obtain an appeal from the order or decision made by the defendant within the time required by law; and further, that no appeal is allowed by law upon the probate court refusing to appoint guardians for minor heirs. Before the cause was tried the term of office of W. H. Wolfe had expired, and that one Samuel Cameron, the defendant herein, had succeeded to the office. On January 17, 1887, the plaintiff suggested to the court that Wolfe had ceased to hold the office; that one Samuel Cameron had succeeded him in the office and was then the probate judge of Rice county, and moved the court for an order to revive the action against Samuel Cameron, which motion was allowed, and Samuel Cameron was substituted as the defendant. Upon the testimony introduced at a trial had in January, 1887, the court made the following findings of fact and conclusions of law:

"The court finds as facts in this case, that on August 18, 1885, Thomas R. Brown made an application to the probate court of Rice county to be appointed guardian of the minor child's estate mentioned in this case; that on the 3d day of August, 1885, this plaintiff was and ever since has been the foster father of the said child, duly appointed by the said probate court; that on the 20th day of August, 1885, plaintiff made an application to said probate court to be appointed the guardian of said estate; that afterward, on August 31, 1885, the said probate court considered both said applications together, and did not approve the bond presented by this plaintiff as a guardian's bond of such estate, but refused to approve it on August 20, 1885, and refused to appoint plaintiff such guardian, but did appoint said Thomas R. Brown, and did approve his bond as such guardian. No reason appears in

evidence why said probate court refused to approve plaintiff's bond as such guardian, nor why said probate court refused to appoint plaintiff such guardian. But at the action of said probate court in refusing to appoint plaintiff he felt aggrieved, and afterward, and on September 29, 1885, plaintiff presented to said probate court his affidavit and bond for an appeal, and prayed an appeal from the refusal of said probate court to appoint him such guardian and appointing said Brown.

"Said appeal bond was good and sufficient for the purpose of such appeal.

"The said probate court refused to approve such bond for appeal and refused to file the same, and refused to file said affidavit, and made no entry upon his journal of his said refusal."

"CONCLUSIONS OF LAW.

"As conclusions of law, the court finds that the probate court could not have appointed plaintiff such guardian after refusing to approve the guardianship bond presented, unless a bond was afterward presented that he would approve; that it is a discretionary matter with the probate court as to whom he will appoint as the guardian of an infant minor's estate; that the probate court must exercise such discretion; that such discretion cannot be appealed from; that the presumption of law is that such discretion was exercised; that the foster father has a preferred right to such guardianship, if he is an unobjectionable person for such position; that the presumption is that the probate court *considered* this question in determining upon whom he would appoint such guardian; that this case is not one that may be appealed.

"That the peremptory writ of mandamus should be refused and the alternative writ be dismissed; and it is so ordered."

Following the conclusions of law, the court adjudged that the peremptory writ of mandamus should be refused, and the cause dismissed. Exceptions were taken to the conclusions of law and the judgment rendered, and the cause was removed to this court upon petition in error.

Since the cause was brought to this court, and on November 1, 1888, Samuel Cameron died, and *Robert T. Specht,* who succeeded him in office by appointment, has on application been substituted and made the defendant in this proceeding.

*M. A. Thompson,* for plaintiff in error.

*Lasley & Borah,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The record in this proceeding presents for decision the single question: Was James H. Adams entitled to an appeal from the order of the probate court appointing Thomas R. Brown as guardian of the estate of the minor, and rejecting the application of Adams for the same appointment? The question is to be determined by the statutes and decisions of our own state. It is enacted that an appeal may be taken by any person aggrieved to the district court from any order or decision of the probate court, in any matter arising under the act concerning guardians and wards. (Comp. Laws of 1885, ch. 46, §26, and ch. 37, §190.) If Adams was not interested or aggrieved by the decision of the probate court, he had no right to an appeal to the district court. But assuming that he may be said to be an aggrieved party within the meaning of the statute, we are of opinion that no appeal lies from the rejection of his application for appointment. No person has an absolute right to be chosen as guardian of the estate of a minor. The father and the mother are the natural guardians of the persons of their minor children; but even they have no preferred right regardless of qualifications, to be appointed as guardians of the estate of such minor. They may be preferred over strangers — first the father, and in case of his death, the mother; but the appointment of either depends entirely upon whether he or she is a proper or suitable person upon whom to bestow the trust. (Comp. Laws of 1885, ch. 46, §5.) The leading consideration for the court in determining who of several applicants for appointment shall be chosen, is the welfare of the minor and the advantage of the estate. In deciding who of the applicants is most suitable, the court may pass over the parents and appoint a stranger; or it may reject all applicants if they are deemed unsuitable, and appoint some one not ap-

plying for the place. If several persons, having no preferred right to appointment, and who are equally suitable, apply for the place, the court has an untrammeled discretion to choose any or none of them. It will thus be seen that the power conferred upon the probate judge of appointing a guardian of the estate of a minor, is a discretionary one; and according to the established precedents, no appeal lies from the exercise of such power. In *Linton v. Comm'rs of Linn Co.*, 7 Kas. 79, the probate judge applied to the board of county commissioners for an allowance in addition to the fees given him by law, but the board rejected the application, and the probate judge attempted to appeal from the decision. The statute under which the application was made, vested the board of county commissioners with the discretion as to allowing additional compensation to the probate judge, and the court held that no appeal lies from the exercise of a discretionary power, although the statute providing for appeals from the decision of the board of county commissioners provides that any person who shall be aggrieved by *any decision* of the board, may appeal from such decision to the district court. The language of the statute giving the right of appeal from the decisions of the probate court in matters arising under the act concerning guardians and wards, is no broader than that of the act giving a right of appeal from the decisions of the board of county commissioners. In fact, the terms employed to confer the right of appeal in both cases are substantially alike. In *Fulkerson v. Comm'rs of Harper Co.*, 31 Kas. 125, the court held that a decision of the county board refusing to grant a petition to set off and organize a new township could not be appealed from; and the court again declared that when the board exercises discretionary power in making a decision, no appeal will lie.

Following the rule established by these decisions, we must hold that the plaintiff was not entitled to an appeal from the order made by the probate judge, and that therefore the district court ruled correctly in refusing the peremptory writ of *mandamus,* and its judgment will therefore be affirmed.

All the Justices concurring.