THE PEOPLE *ex rel.* Charles E. Tandy, County Treasurer, Appellant, *vs.* JAMES GRACE, Appellee.

*Opinion filed December 15, 1908.*

1. DRAINAGE—*an appeal from classification does not vacate the classification.* An appeal by a land owner from the classification of land by farm drainage commissioners does not vacate the classification, but the same remains in full force for all purposes until it is modified upon appeal, and a levy of the assessment while the appeal is pending is not void.

2. SAME—*what is not ground for denying a judgment of sale.* The fact that a drainage assessment was made upon the original classification, which was higher than the classification as corrected by the court on appeal, is not ground for refusing judgment of sale for the amount actually due upon the classification as finally established, and the county court has power to determine the amount for which the objector's lands are liable under the final classification and render judgment.

3. APPEALS AND ERRORS—*when judgment is not vacated by appeal.* A judgment at law is not vacated by an appeal where the appellate tribunal does not have authority to try the cause *de novo,* settle the controversy by a judgment of its own and enforce the judgment by its own process, but has authority merely to correct errors, and, after correction of errors, remand the cause to the tribunal whence it came.

4. SAME—*when point is not saved for review because no cross-error is assigned.* Upon appeal from a judgment denying an application for judgment of sale for a drainage assessment, if no cross-error is assigned the point that the trial court erred in denying leave to the objector to file an additional objection is not saved for review, though exception was taken to the ruling and the question is argued by both parties in their briefs.

· APPEAL from the County Court of Macon county; the Hon. O. W. SMITH, Judge, presiding.

W. H. STEAD, Attorney General, (HUGH W. HOUSUM, HUGH CREA, and LOUIS A. MILLS, of counsel,) for appellant.

JAMES M. TAYLOR, and LESLIE J. TAYLOR, (WHITLEY & FITZGERALD, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the Macon county court sustaining objections and refusing judgment for a delinquent drainage tax levied upon the lands of James Grace by the drainage commissioners of Union Drainage District No. 1 in the towns of Milan and Dora, in the counties of Macon and Moultrie. The drainage commissioners of said district, as appears by their record, classified the lands of the district on a graduated scale June 13, 1905. On August 30, being the day fixed for the hearing of objections of land owners to the classification of their lands, appellee, Grace, appeared before the commissioners and entered his objections to the classification of his lands, which objections were by the commissioners overruled and the classification scale confirmed as to his lands as originally filed. Grace appealed from the decision of the commissioners to the county court of Macon county. While such appeal was pending and undisposed of in the county court the drainage commissioners levied the tax in question in this proceeding upon appellee's lands. Subsequently, upon a hearing of the appeal from the classification before the county court of Macon county and a jury, the classification of appellee's lands was substantially reduced. From this judgment the drainage commissioners appealed to the circuit court, where a trial was had at the January term, 1908, and a final judgment entered upon the verdict of the jury confirming the

scale as found by the jury in the circuit court, which was also materially lower than the original scale fixed by the commissioners. Upon application being made to the county court for judgment against appellee's lands for the amount of taxes due according to the scale as the same was finally fixed by the judgment of the circuit court, appellee appeared and filed objections to the rendition of such judgment, which were sustained by the county court and judgment refused. From this judgment the present appeal is prosecuted by the People.

The only objections made to the rendition of judgment which were sustained by the court below are the first and fourth. The first objection is, that the county court had no power to render judgment for said tax for the reason that at the time when the assessment purports to have been made there was no classification or graduated scale of the lands in question from which the assessment could be spread. Appellee's contention is that the appeal from the classification had the effect of vacating such classification, so that no valid assessment could be made until the appeal had been finally disposed of, and this contention appears to have been sustained by the county court.

Section 21 of the Farm Drainage act provides that the commissioners shall proceed to make an assessment for benefits by classifying the lands in the district in tracts of forty acres, more or less, according to the legal subdivisions, on a graduated scale, to be numbered according to the benefits to be received by the contemplated drainage. The tracts of land which will receive the most and about equal benefits are to be marked 100, and such as are adjudged to receive less benefits shall be marked with a less number denoting the per cent of benefit, and it is provided in said section that the classification thus made, when established as provided by the statute, shall remain as a basis for such levy of taxes as may be needed for the lawful and proper purposes of the drainage district. In other sections following, provision is

made for notifying the landholders to appear if they desire and make objections to the classification thus made by the commissioners. Provision is made for an appeal from the classification of the commissioners to the county court, and from the county court to the circuit court, if the county judge, in his discretion, shall so order. When an appeal is taken from the classification of the commissioners, either to the county or circuit court, the court in which the appeal is pending takes jurisdiction of the proceeding for the purpose, merely, of correcting the errors, if any, that may have been committed by the commissioners. Such court does not proceed to hear the matter *de novo* and make a classification independently of the one previously made by the commissioners. This court held in the case of *Carr* v. *People,* 224 Ill. 160, that upon an appeal from the classification by a land owner the only persons within the jurisdiction of the court were those who had filed objections before the commissioners and had appealed from the commissioners' decision. It was there pointed out by this court that other land owners who are in the district were not notified, and that there was no provision in the statute for notice to be given to such other land owners, and that they were not within the jurisdiction of the court. It follows from this situation that the court to which the appeal is taken has no power to interfere with the classification made by the commissioners, except in so far as it relates to the lands of the persons who are within the jurisdiction, so that the county or circuit court is not authorized by the statute to treat the entire classification of the district as vacated by the appeal of one land owner and proceed to make another classification for the whole district. Section 25 of the Farm Drainage act provides that upon the hearing of the appeal it is the duty of the court to lay before the jury the classification adopted by the drainage commissioners, and the jury are required to examine the classification and hear the allegations in support and in opposition to it, and may, if

requested by either party, visit the district and examine the lands, and it is provided further, that if the jury shall find the tracts of land in question marked too high or too low in the classification, they shall *"correct the errors,"* but if they find that no injustice has been done, the jury shall confirm the classification as made by the commissioners. In the *Carr case,* above cited, this court held that the authority of the jury in such cases is limited to the correction of errors alleged to have been committed in overruling the objections made before the commissioners.

We think that the appeal from the classification by a land owner, under the statute, cannot be held to vacate the classification, and that the classification as made by the commissioners remains in full force for all purposes until it is modified upon an appeal, as provided for by the statute. When the classification is thus modified and no further right of appeal exists, such classification becomes the final and established classification, and must so remain as a basis for the levy of all assessments needed for the lawful and proper purposes of the drainage district. If the classification by the commissioners is regarded as partaking, in some degree, of the nature of a judgment at law, from which an appeal is taken, appellee's position can receive no support by the supposed analogy. The effect of an appeal upon the judgment appealed from depends upon the character of the jurisdiction of the court to which the appeal is taken. If the latter court has authority to try the cause *de novo* and settle the controversy by a judgment of its own and to enforce such judgment by its own process, then the judgment of the inferior court is vacated and set aside, and during the pendency of such appeal the judgment appealed from has no vitality, as an estoppel or otherwise. (Freeman on Judgments, sec. 328.) This rule applies to appeals from justices of the peace to the circuit or county courts, the effect of which is to vacate the judgment appealed from. (*Shaffer* v. *Currier,* 13 Ill. 667; *Joliet and Chicago Railroad Co.* v. *Barrows,* 24 id.

562.) But if the appeal is in the nature of a writ of error conferring power on the Appellate Court to determine such errors as may have occurred at the trial or in the decision of the cause, and the court, after the correction of errors, remits the case back to the tribunal whence it came, then the judgment appealed from does not become vacated or cease to operate until it is reversed or set aside by the appellate tribunal. The effect of such appeal only suspends the execution of the judgment but does not vacate the same or destroy the lien thereof. (*Curtis* v. *Root,* 28 Ill. 367; *Oakes* v. *Williams,* 107 id. 154; *Moore* v. *Williams,* 132 id. 589; *Brown* v. *Schintz,* 203 id. 136.) This court held in *Barnes* v. *Chicago Typographical Union,* 232 Ill. 402, that an appeal from a decree in chancery awarding an injunction did not, during the pendency of such appeal, prevent the court wherein the injunction was granted from attaching and punishing for contempt a violation of the injunctional order. It thus appears that if the rules in respect to judgments be applied to the classification of lands by drainage commissioners the proceeding on appeal is somewhat analogous to an appeal for the correction of errors, in which case, as we have seen, the effect of the appeal does not vacate the judgment below.

Our conclusion is, that the appeal from the classification of the drainage commissioners did not vacate such classification, and that the levy made by the commissioners pending such appeal was not void. If a contrary rule were established, the effect of taking an appeal by one land owner would be to vacate the entire assessment and suspend all the functions of the district until such appeal was disposed of. Such was not in contemplation by the legislature in passing the Drainage law, since by section 28 it is provided that the taking of an appeal by any person or persons, as herein provided, shall not operate to delay the collection of any tax from which no appeal has been taken, nor delay the progress of the work. The fact that the assessment upon

appellee's lands was made upon a classification higher than that established by the final decision in the circuit court is no reason why the court should refuse judgment for the amount of taxes actually due under the scale as the same was finally established. This amounts to no more than an excessive levy, and under the law the county court had the power to determine the amount of tax which the appellee's lands were liable for and render judgment therefor. In this case no judgment was asked for the excess. It is not contended that the appellee should pay any sum in excess of the legal rate as established by the final classification. For this amount the court should have rendered judgment. *People* v. *Meyers,* 124 Ill. 95.

The fourth objection sustained by the county court is the same as the first, which has already been considered, extended to include the point that there was no assessment of the tax such as is levied against the lands of the appellee. This objection relates to the discrepancy between the amount of taxes levied upon the original classification and the amount for which judgment was asked. What has already been said sufficiently disposes of this objection. Appellee asked leave to file an additional objection raising the point that the tax in question is barred by limitation. The court denied such leave, to which the appellee excepted, but there is no cross-error assigned by appellee on this ruling, hence the question which is argued in the brief of both parties in regard to this point is not properly saved for review.

The judgment of the county court of Macon county is reversed and the cause remanded to that court, with direction to overrule the objections of appellee and render judgment for the amount of the taxes due as computed upon the classification of his lands as the same is established by the final judgment of the circuit court.

*Reversed and remanded, with directions.*