THE PEOPLE *ex rel.* H. H. Whitlock, County Treasurer, Appellant, *vs.* ADDA GREEN *et al.* Appellees.

*Opinion filed December 22, 1909.*

1. DRAINAGE—*limit of jury's power to find that commissioners' classification was "too low."* The power of the jury, under section 25 of the Farm Drainage act, to find whether the lands have been marked "too low" in the commissioners' classification is limited to a case where one land owner has objected that another's land is marked too low and has appealed from the decision of the commissioners overruling his objection.

2. SAME—*when a jury can only determine whether lands are marked too high.* If a land owner objects to the classification of the commissioners on the ground that his lands are marked too high and he appeals from the decision of the commissioners overruling his objection, the jury in the county court can only determine whether the lands are marked too high, and they cannot determine that they are marked too low, and raise the classification accordingly, unless that question is presented by the appeal of some other land owner whose objection that such lands were marked too low has been overruled by the commissioners.

3. SAME—*when drainage assessment is void to extent of raised classification.* If the jury in the county court raises the classification of an appellant's lands when the only question before it is whether the lands are assessed too high, the raised classification is void, and upon application for judgment and order of sale for a drainage assessment based thereon the county court is authorized to reduce the assessment to the basis of the original classification.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

JOHN H. LEWMAN, State's Attorney, and REARICK & MEEKS, for appellant.

KEESLAR & GUNN, and J. B. MANN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the name of the People, by the county collector of Vermilion county, in the county court of that county, for a judgment and order of sale against certain lands of Adda Green, Lewis W. Green and Rochester Sandusky, the appellees, for the first installment of a drainage tax levied by the Fayette Special Drainage District, which had been returned as delinquent. The appellees appeared and filed objections as to the amount for which judgment was sought, and the court sustained their objections and reduced the amount of the tax and rendered judgment and order of sale for the tax as reduced, from which judgment and order of sale the People have prosecuted this appeal.

It appears from the record that the commissioners of said drainage district, which district was organized under the Farm Drainage act, classified said lands; that at the time fixed by the commissioners for a review of the classification the appellees appeared and filed objections to the classification on the ground that their lands had been classified too high; that a hearing was had before the commissioners, when the classification was confirmed by the commissioners, and an appeal was prosecuted by the appellees to the county court of Vermilion county, where there was a trial before a jury, and the classification of some of the lands of the appellees was reduced and the classification of other lands of the appellees was raised; that the county court declined to allow the appellees a further appeal from such classification to the circuit court of said county and confirmed the classification of the lands of

the appellees as modified by the jury; that the drainage commissioners extended the drainage tax of said district against appellees' lands upon the classification of their lands as modified by the jury and confirmed by the county court; that the appellees paid the drainage tax extended against their lands upon which the classification had been reduced by the jury and confirmed by the county court but declined to pay the tax extended against their lands upon which the classification had been raised by the jury and confirmed by the county court, on the ground the classification made of their lands by the jury in which the classification had been raised was void for want of jurisdiction in the jury and the county court to raise the classification of their lands, it being the contention of the appellees that they having filed objections with the drainage commissioners that their lands were classified too high and those objections having been overruled, and they having prosecuted an appeal to the county court, the only question which could be tried in the county court was, had their lands been classified too high, and that the power of the jury and the county court was limited to a reduction or to the confirmation of the classification of their lands as made by the commissioners, and that the jury and the county court, on such appeal, were without jurisdiction to raise the classification of their lands, as the question that their lands were classified too low was not raised by objection at the hearing before the drainage commissioners and was not pending before the jury and the county court on the appeal, and that the jurisdiction of the jury and the county court upon such appeal was limited to the correction of errors alleged to have been committed in overruling the objections of the appellees made before the commissioners that their lands were classified too high.

Section 21 of the Farm Drainage act provides that the lands of the district shall be classified by the commission-

ers; section 23, that the commissioners shall give notice to
all persons owning lands in the district of the time when
and the place where they will meet to hear any and all ob-
jections that may be made to the classification of the lands
in the district as made by them; section 24, that at the
time of meeting for review of the classification the commis-
sioners shall hear whatever objections may be urged by any
person interested, and if satisfied that any injustice has been
done in the classification of the several tracts of land, or
any of them, of the district, they shall correct the same in
accordance with what is right, but if not so satisfied they
shall leave the classification stand as first made and enter
an order to that effect, and that any person appearing and
urging objections who is not satisfied with the decision of
the commissioners may appeal, within ten days from the
date of their decision, to the county court of the county in
which the lands are situated, on giving bond, etc.

In the case of *Carr* v. *People,* 224 Ill. 160, it was held
that on an appeal from the classification of the lands of a
drainage district organized under the Farm Drainage act
by the land owners, the only persons within the jurisdic-
tion of the county court were those land owners who had
filed objections before the commissioners and had appealed
from the decision of the commissioners, and that the jury
and the county court had no such jurisdiction over the
lands of other land owners in the district as would author-
ize them to change the classification of their lands. It was
also held in that case that the jurisdiction of the jury and
the county court was limited to the correction of such er-
rors as had been committed by the commissioners in over-
ruling objections filed before them. On page 167 the court
said: "It would seem that the jury, in their examination,
are restricted to 'the tracts of land in question,'—*i. e.,*
the land the appellant claims is classified too high or too
low,—and that the authority of the jury is only to 'correct
the errors' alleged by the appellant to have resulted from

overruling his objections." To the same effect is the case of *People* v. *Grace,* 237 Ill. 265, where, on page 269, it was said: "In the *Carr case,* above cited, this court held that the authority of the jury in such cases is limited to the correction of errors alleged to have been committed in overruling the objections made before the commissioners."

It manifestly would be unfair to the land owner who had filed objections to the classification on the ground his land was classified 'too high, after he had appealed from the decision of the commissioners to the county court, to force him into a trial in that court upon the question that his lands had been classified too low without any objection having been filed before the commissioners raising that question, and the drainage commissioners, on the appeal of a land owner, ought not to be permitted to stultify themselves and impeach their own classification by proving their classification was too low.

It is said, however, that section 25 of the Farm Drainage act provides that on the appeal the jury are authorized to find whether the land has been "marked too high or too low in the classification." The language "too low," found in that section, clearly refers, we think, to a case where some land owner in the district has filed objections before the commissioners and prosecuted an appeal from the decision of the commissioners to the county court on the ground that the land of some land owner other than himself has been classified at too low a figure, and where it is sought to have the classification of lands which it is claimed are classified too low, raised. There are two objects to be attained in making the classification of the lands of the drainage district for the purpose of basing thereon the tax levy of the drainage district: one, that the land of no land owner shall be required to pay more than it will be benefited by the improvement proposed to be made by the drainage district; and the other, that the land of no land owner shall pay more than its proportionate share of the expense

of carrying out the objects for which the drainage district is organized. It is obvious a land owner by his objections and appeal may desire to raise the question that his land is classified at too high a figure, and to raise that question alone, while other land owners in the district may desire to raise the question that the same tract of land is not classified at as high a figure as it will be benefited by the improvement or at as high a figure as the other lands of the district similarly situated are classified. Both of these questions can be raised, and raised with reference to the same tract of land and at the same time, by objections filed with the commissioners and by appeals to the county court. When, however, the first question, only, is raised by the objections filed before the commissioners and by the appeal to the county court, the second question cannot be tried on the appeal; (*Carr* v. *People, supra; People* v. *Grace, supra;*) and if the second question is tried on the appeal and without being raised by proper objections filed with the commissioners, the classification of the jury based upon such trial would be void and would not support a valid tax levy. On the application in the county court of the collector for judgment and an order of sale against appellees' lands the county court was authorized to cut down the tax against appellees' lands to the amount actually due upon those lands according to the original classification. *People* v. *Grace, supra.*

From an examination of this record we are of the opinion that the judgment and order of sale was rendered against the lands of appellees for the amount legally due thereon and that the judgment of the county court should be affirmed, which is done accordingly.

*Judgment affirmed.*