THE PEOPLE ex rel. George P. Heikes, County Collector, Appellee, vs. JACOB H. JONKMAN et al. Appellants.

*Opinion filed December 16, 1914.*

1. DRAINAGE—*power of jury on appeal by a land owner under section 25 of Farm Drainage act.* The power of the jury in the county court, on appeal by a land owner under section 25 of the Farm Drainage act, is limited to an investigation and determination of the correctness of the classification only as to the land to which objections were filed or made before the commissioners.

2. SAME—*when a tax spread upon changed classification is invalid.* Where the jury, on appeal under section 25 of the Farm Drainage act, raises the classification of certain lands as to which no objections were made before the commissioners, a tax spread upon such increased classification is invalid and its collection may be defeated on application for judgment and order of sale.

3. SAME—*lands of which one drainage commissioner is a tenant in common must be treated the same as other lands.* Lands owned by one of the drainage commissioners and his brother as tenants in common are liable to assessment under the Farm Drainage law, the same as, and no different from, other lands of the district.

4. SAME—*the payment of one drainage assessment does not preclude objections to a new one.* Each assessment levied under the Farm Drainage law is a new and distinct proceeding, and the fact that a land owner voluntarily pays an assessment on an illegal classification does not, of itself alone, preclude him from objecting to a subsequent assessment on the same classification.

5. SAME—*when drainage commissioner is not estopped to object to assessment.* A drainage commissioner who objects to the levy of previous assessments made upon an invalid classification of lands and refuses to sign the special tax list upon which a subsequent assessment is levied, is not estopped to object to such assessment against lands of which he is a tenant in common.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

PALLISSARD & BENJAMIN, for appellants.

J. W. KERN, State's Attorney, and C. G. HIRSCHI, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal by appellants, Jacob H. Jonkman and Garret H. Jonkman, from a judgment and order of sale of the county court of Iroquois county against their lands in Drainage District No. 5 of the town of Onarga, in said county, for two delinquent drainage special assessments levied on their lands in that district. Appellants filed twenty-seven objections to the application for judgment, all of which were overruled and a judgment was entered against their lands for the amount of the special tax returned delinquent against each tract. The objections overruled and relied upon for a reversal in this court are the 12th, 14th, 15th, 19th, 21st, 25th and 27th. The substance of the 14th, 21st and 25th objections is, that no classification of the lands in the district on a graduated scale had been made and confirmed by the commissioners or any court on appeal, as required by law, and that the re-classification of the lands of the appellants by the jury in the county court was null and void.

The parties filed in this court, in lieu of a record of the proceedings in the lower court, a stipulation as to the facts and questions of law arising and involved on this appeal, pursuant to the provisions of section 104 of the Practice act. It appears from the stipulation that the county collector made out a *prima facie* case, and that the appellants are the owners, as tenants in common, of the lands in question in Drainage District No. 5 of the town of Onarga, in Iroquois county; that appellant Garret H. Jonkman is one of the drainage commissioners in that drainage district; that on August 10, 1911, the drainage commissioners, believing that a re-classification of the lands in said district should be made, set aside the former classification roll and re-classified the lands in the district on the graduated scale in the manner provided by section 21 of the Farm Drainage act, (Hurd's Stat. 1913, p. 954,) and thereafter gave notice that on August 26, 1911, a meeting would be held to

hear objections, if any, to such re-classification of the lands in the district; that at this meeting Almira Smith, Fred Hine, August Hine, Herman Hine and William Schumaker appeared and filed certain objections with the clerk of the district to the re-classification roll, the nature of which objections is not shown by the drainage record, and that the commissioners overruled their objections and entered an order approving and confirming the re-classification roll, .from which order of the commissioners the above named parties prosecuted an appeal to the county court of Iroquois county pursuant to the provisions of section 25 of that act; that on the appeal a jury was empaneled, evidence was heard, etc., and a finding returned by the jury changing the classification of the lands of Almira Smith and Fred, August and Herman Hine but leaving that of Schumaker the . same as made by the commissioners, and increasing the rating on the lands of appellants from 40 points, as made by the commissioners, to 100 points; that neither of appellants was served with process nor made a party to the proceedings on the appeal except Garret H. Jonkman in his capacity as drainage commissioner; that thereafter, without a copy of the finding of the jury being filed with them, the commissioners caused the re-classification roll, as modified by the jury, to be entered in the drainage record, made out a special tax·list, and caused two assessments to be levied on the lands in the district, based on the re-classification roll as modified by the jury in the county court. Appellants voluntarily paid each of these assessments without protest or complaint. Thereafter, on August 26, 1913, the commissioners levied an additional assessment of $950 on the lands of the district for the purpose of completing and repairing the drainage system, and afterwards, on September 15, 1913, finding the amount of the previous levy would be insufficient, the commissioners levied an additional assessment of $550 on the lands in the district for the purpose of completing the improvement, each assessment being spread on

the re-classification roll as modified by the jury in the county court. Appellant Garret H. Jonkman was one of the drainage commissioners at this time and was present when the resolutions were adopted but refused to vote upon either of them or to sign the special tax list based on this re-classification roll, declaring himself opposed to the re-classification of the lands in the district. The total amount of tax levied on appellants' lands by virtue of the last two assessments was $138.74, of which amount they paid forty per cent, or the amount that would have been assessed against their lands on the re-classification roll as adopted by the commissioners, but refused to pay the balance of $83.24, being the amount their taxes were increased by reason of the change made in their rating by the jury in the county court.

Six questions of law are stipulated to be involved on this appeal, of which but three need to be passed upon by us. These are, in substance, as follows: (1) Was the record of the drainage district of the objections of Almira Smith and others to the re-classification roll as made by the commissioners sufficient to confer upon the county court jurisdiction to entertain the subsequent appeal and change the rate of classification of the lands of appellants? (2) If the county court had no jurisdiction on the appeal of Almira Smith *et al.* to re-classify the lands of appellant, are they barred by the voluntary payment of two previous assessments spread on this re-classification roll from urging want of jurisdiction in the county court to change the re-classification of their lands? (3) Is Garret H. Jonkman, by reason of his being a drainage commissioner, a nominal party to the appeal, and by his participation in the levy of the first two assessments estopped from questioning the validity of the two subsequent assessments spread on the same classification roll, being the one made by the jury in the county court?

In *Carr* v. *People,* 224 Ill. 160, we held that the power of the jury in the county court, on appeal by a land owner

under section 25 of the Farm Drainage act, (Hurd's Stat. 1913, p. 955,) is limited to an investigation and determination of the correctness of the classification only of the land to which objections were filed or made before the commissioners. This case has since been followed in *People* v. *Grace,* 237 Ill. 265, and *People* v. *Green,* 242 id. 455, in which latter case, after citing and quoting from *Carr* v. *People, supra,* we said: "To the same effect is the case of *People* v. *Grace,* 237 Ill. 265, where, on page 269, it was said: 'In the *Carr case,* above cited, this court held that the authority of the jury in such cases is limited to the correction of errors alleged to have been committed in overruling the objections made before the commissioners.' " The law as announced in these cases must now be accepted as the settled law in this State on this question. The stipulation that appellants were not parties to the proceedings on the appeal except Garret H. Jonkman in his official capacity as drainage commissioner is equivalent to a stipulation that no objections were filed or made to the rating on appellants' lands before the commissioners, for had any objections been made to the rating on the same, appellants, under the holdings of the court in the above cited cases, would have been parties to the proceedings in the county court on such appeal.

In the *Carr case, supra,* we pointed out that the validity of the tax depended upon the validity of the classification roll upon which the tax was spread, and that as objections raised to the classification roll went merely to the validity of the tax, the question was one which might properly be raised by objection on application for judgment. In that case we further held that where the jury, on appeal, changed the classification of lands, to which no objections had been made before the commissioners, a tax spread upon such classification roll was null and void and its collection might be defeated on application for judgment. It remains, therefore, to consider whether the appellants are precluded from making objections by reason of having voluntarily paid two

previous assessments spread on the void classification roll, and whether Garret H. Jonkman, by reason of his being a drainage commissioner, and as such participating in the levy of such first two assessments, is estopped from questioning the validity of the two later assessments which are the subject of controversy in this case. In considering these questions it must be kept in mind that this is a proceeding *in rem,* and that the judgment in question is one entered against the lands of appellants lying within the drainage district. These lands, it appears, are owned by Garret H. Jonkman and Jacob H. Jonkman as tenants in common. We are obliged to consider the lands of appellants in this case, as far as such lands are liable to assessment under the Drainage law, precisely the same as, and no different from, any other lands in the district. In this respect, under the Drainage law, the appellants are in the same situation as any other land owner in the district and have the same rights as to their lands that other owners of land have. The fact that one of such tenants in common is also a drainage commissioner makes no difference. Under the Drainage law the illegal classification as made, if not called in question, would stand until at some future time a re-classification might be made. Each assessment levied under such classification is a new proceeding. The fact that appellants paid two of these assessments voluntarily and without objection furnishes no reason why they should not object to some subsequent assessment. Each assessment is a new tax, and the fact that a land owner had at different times paid taxes that were illegally assessed on his land would not preclude him from objecting to some separate or distinct tax or assessment in the future. (*People* v. *Cincinnati, Indianapolis and Western Railway Co.* 261 Ill. 582.) The classification under which these lands were assessed was void. All assessments levied under it were illegal. Appellants voluntarily paid two of them, and are simply in the position of those

who have voluntarily paid an illegal tax which they cannot recover back.

In the case at bar, while Garret H. Jonkman was a commissioner it appears that he objected to the levy of the two assessments in question and refused to sign the special tax list by which this tax was levied, and whatever action was taken thereabout was by the other two commissioners, who constituted the majority of the drainage board. Had he been a party to the making of the assessments a different question might arise, but whatever was done in the matter was done by a majority of the drainage board without his consent and against his objection, and it cannot be said that he is estopped, or has done anything by which he would be estopped, from questioning the validity of such assessments. The classification of the lands of appellants in the manner the stipulation shows the same was made was void and the assessments made according to such classification were invalid. Had any other land owner who had not appealed from the decision of the drainage commissioners making such classification made the objections that appellants made to the application for judgment, such objections would have been well taken. The appellants, as owners of the lands which are sought to be sold for this tax, had the same rights as any other land owner in the district and had the right to file the objections they did, and we think certain of the objections to the judgment should have been sustained.

It will be unnecessary to consider the other objections.

For the reasons given, the judgment of the county court of Iroquois county will be reversed and the cause remanded to that court, with directions to sustain the 14th, 21st and 25th objections to the application for judgment.

*Reversed and remanded, with directions.*