(No. 12993.—Cause transferred.)
ANTON T. NADIG, Admr. Appellee, *vs.* WINNIE TURNER
*et al.* Appellants.

*Opinion filed February 18, 1920.*

1. APPEALS AND ERRORS—*administrator's petition to carry out deceased's contract to convey is statutory proceeding—appeal.* An administrator's petition under paragraph 126 of the Administration act (Hurd's Stat. 1917, p. 32,) for an order of the county court to enable him to carry out the decedent's contract to convey land is a statutory proceeding, and under paragraph 123 of said act an appeal from the order should be taken to the circuit court.

2. SAME—*meaning of term "in any suit or proceeding at law or in chancery," in section 8 of Appellate Court act.* Section 8 of the Appellate Court act, referring to appeals "in any suit or proceeding at law or in chancery," means suits or proceedings instituted and carried on in substantial conformity with the forms and modes prescribed by the common law.

APPEAL from the County Court of Jo Daviess county; the Hon. F. J. CAMPBELL, Judge, presiding.

HODSON & HODSON, for appellants.

JOHN C. BOEVERS, and SHEEAN & SHEEAN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal direct to this court from an order of the county court of Jo Daviess county on a petition of the administrator of the estate of John Scheerer, deceased, for an order authorizing the administrator to carry out a contract and agreement made by Scheerer in his lifetime to convey to Herman P. Dascher certain real estate. The county court granted the prayer of the petition, and this appeal is prosecuted by the heirs of Scheerer.

John Scheerer owned 239 acres of land. On December 12, 1916, by a written agreement he leased to Herman P. Dascher all of said land from March 1, 1917, to March 1, 1919, for the sum of $550, to be paid on or before

291—33

February 1, 1918, and a like amount to be paid on or before February 1, 1919, the lessee to give notes, with security, for the annual payments. By the instrument Scheerer agreed to convey the land to Dascher by warranty deed, free from incumbrance, March 1, 1919, upon payment to him of $19,040, said sum to be paid $3500 March 1, 1919, and the balance in three years, to be secured by mortgage on the land. Dascher agreed to pay $3500 March 1, 1919, the balance in three years, and to secure the same by first mortgage on the land, and further agreed that if he failed to comply with the contract he would forfeit $1000 as liquidated damages. Scheerer agreed to furnish Dascher an abstract showing merchantable title. Scheerer died intestate December 8, 1918. He had never been married, and left a half-brother, John P. Bauer, and Winnie Turner, Lizzie Stadel, Mae Walters, George Brashaw and Raymond Brashaw, children of a deceased sister, as his only heirs-at-law. Raymond Brashaw was a minor. Anton T. Nadig was appointed and qualified as administrator of the estate of Scheerer. He filed a petition to the March term, 1919, of the county court of Jo Daviess county, setting up the contract of Scheerer to convey the land to Dascher, the death of Scheerer before the contract was performed, that Dascher was ready and willing to carry out the terms and conditions of the contract on his part, and prayed the administrator be authorized by an order of the court to make the conveyance as agreed in the contract. All the heirs and Dascher were made defendants to the petition. A guardian *ad litem* was appointed for Raymond Brashaw. The adult heirs filed a motion to dismiss the petition on the ground that the county court did not have jurisdiction. The motion was overruled, and they then demurred to the petition, setting up as special grounds that the administrator had no title to the land; that the performance of the contract was not necessary to the administration of the estate; that Dascher should have been made a complainant instead of a defendant; that the

administrator had not been ordered by the county court to carry out the contract, and that said court had no jurisdiction to entertain the petition. The demurrer was overruled, and the adult defendants refusing to answer further were defaulted. The guardian *ad litem* for Raymond Brashaw filed an answer. The cause was heard and an order and decree entered that the administrator proceed to carry out the terms of the contract upon Dascher performing his part of it in accordance with the provisions of said contract.

Appellants insist this is a proceeding in equity, under the provisions of the chapter on contracts, (Hurd's Stat. 1917, chap. 29,) for specific performance. We do not so understand it. Appellee relies on paragraph 126 of the Administration act, (Hurd's Stat. 1917, p. 32,) which reads: "All contracts made by the decedent may be performed by the executor or administrator when so directed by the county court." The petition being under paragraph 126 of the Administration act the appeal should have been taken to the circuit court. Paragraph 123 of the Administration act provides that appeals shall be allowed from judgments, orders and decrees of the county court, "in all matters arising under this act," to the circuit court. This is a purely statutory proceeding, and the appeal would not lie to the Appellate Court from the county court under section 8 of the Appellate Court act. That act refers only to appeals "in any suit or proceeding at law or in chancery," and that has been construed to mean suits or proceedings instituted and carried on in substantial conformity with the forms and modes prescribed by the common law. *Grier* v. *Cable,* 159 Ill. 29.

The appeal should have been taken to the circuit court, and under the authority of section 102 of the Practice act the clerk of this court will be directed to transmit the transcript and all files to the clerk of the circuit court of Jo Daviess county.

*Cause transferred.*