(No. 14726.—Judgment affirmed.)

B. R. McMahan, Appellant, *vs.* Mary A. Trautvetter *et al.* Appellees.

*Opinion filed October 21, 1922—Rehearing denied Dec. 13, 1922.*

1. Appeals and errors—*appeal lies to circuit court from order of county court appointing guardian of minor.* An appeal from an order of the county court appointing a guardian of the person or property of a minor lies to the circuit court under section 43 of the Guardian act, as the proceeding is purely statutory; and said section is not repealed by section 8 of the Appellate Court act and section 118 of the Practice act, except as to proceedings at law or in chancery. (*McCallum* v. *Chicago Title and Trust Co.* 203 Ill. 142, distinguished.)

2. Same—*meaning of the term "suit or proceeding at law or in chancery."* The expression "suit or proceeding at law or in chancery" means suits or proceedings instituted and carried on in substantial conformity with the forms and modes prescribed by the common law.

3. Minors—*when next of kin may appeal from order appointing guardian.* The appointment of a guardian of the person or property of a minor is vested in the county or probate court in the first instance, and next of kin have no right, under the statute, to be appointed guardian, but where the court has made the next of kin parties to the proceeding under the statute, they have a right to appeal from the order appointing a guardian.

4. SAME—*circuit court may appoint guardian on appeal from county court.* Under section 122 of the County Court act, cases taken to the circuit court by appeal from the order, judgment or decree of the county court are tried *de novo,* and on appeal from an order of the county court appointing a guardian of the person or property of a minor the circuit court may hear the petition *de novo* and appoint a guardian other than the one appointed by the county court.

5. SAME—*when Supreme Court cannot set aside order appointing guardian.* The hearing by the Supreme Court in reviewing an order for the appointment of a guardian of the person or property of a minor is not a *de novo* hearing, and said court is not justified in setting the order aside unless it appears that the circuit court abused its discretion in making the appointment.

THOMPSON, C. J., and CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding.

PLANTZ, LAMET & PLANTZ, and O'HARRA, O'HARRA & O'HARRA, for appellant.

HARTZELL, CAVANAGH, MARTIN & HARTZELL, and SCO-FIELD, CALIFF & BELL, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

An appeal was taken from the order of the circuit court of Hancock county appointing Mary A. Trautvetter guardian of the person and William A. Dodge guardian of the property of Lucille Maxine McMahan, daughter of John and Anna McMahan. The father of the child died January 31, 1920, and the mother died on February 10, 1920. The appellant, Bert R. McMahan, brother of the deceased father, on February 12, 1920, filed his petition in the county court asking to be appointed guardian, and such appointment was made. On February 28 Fred C. Trautvetter, brother of the mother of the child, filed his petition in the county court seeking to set aside the order appointing

McMahan, on the ground that the same was entered without notice to the other relatives of the child, and asking that Mary A. Trautvetter or Lillie E. Trautvetter, sisters of the deceased mother of the child, or some other proper person, be appointed as guardian. The county court set aside the order of appointment and the matter came on to be heard on the petition of the Trautvetters for the appointment of Mary A. Trautvetter, or some other person to be selected by the court, as guardian of the person of said child, and that William A. Dodge, or some other person selected by the court, be appointed as guardian of the estate of the child. The petition already filed by McMahan stood as his petition for his appointment of the person and property of the child. The county court, on hearing both petitions, appointed McMahan as guardian both as to person and property. From this order the Trautvetters appealed to the circuit court. McMahan filed his motion in the circuit court to dismiss the appeal on the ground that the order appointing a guardian was not an appealable order, and on the further ground that the appellants therein had no such interest as gave them a right of appeal; that if any of the Trautvetters had a right of appeal it was Mary A. Trautvetter, and the appeal having been jointly taken it should be dismissed; also if the order was appealable the appeal should have been taken to the Appellate Court or the Supreme Court and not to the circuit court. The circuit court denied the motion to dismiss and proceeded to hear the two petitions for appointment. By agreement each party was limited to fifteen witnesses in chief. The circuit court decided that the custody of the child should be given to Mary A. Trautvetter and that William A. Dodge should be appointed guardian of the property, fixed the bond, and directed that letters of guardianship be issued, which was done by the clerk of the circuit court. The Appellate Court affirmed the order of the circuit court and granted a certificate of importance.

The first question involved in the case is whether an appeal will lie from the order of the county court appointing a guardian, and if so, to what court such appeal must be taken. Section 43 of the Guardian act provides as follows: "Appeals shall be allowed to the circuit court from any order or judgment made or rendered under this act, upon the appellant giving such bond and security as shall be directed by the court; but no appeal from an order removing a guardian shall, in anywise, affect such order, until the same be reversed." This statute is sufficiently plain to leave no doubt as to whether or not an appeal may be had from an order appointing a guardian. The language of the statute is, "appeals shall be allowed to the circuit court from any order or judgment made or rendered under this act." It is clear that this is an order such as is contemplated by the section of the statute referred to.

Appellant cites the case of *Adams* v. *Specht,* 40 Kan. 387, as authority for his position that the order in this case is not appealable. The statute in Kansas provided that any person aggrieved might appeal from an order appointing a guardian, and the court held that the appellant was not interested or aggrieved by the decision of the probate court and had no right to appeal. Such limitation is not placed upon an appeal from an order or judgment of the county court by section 43 of the Guardian act of this State. The statute allowing appeals is general in its nature.

Appellant contends that even though allowable in this class of cases such appeal should have been to the Appellate Court or to this court by reason of the effect of section 8 of the Appellate Court act and section 118 of the Practice act, as those sections have been construed by this court in the case of *McCallum* v. *Chicago Title and Trust Co.* 203 Ill. 142. Section 8 of the Appellate Court act confers jurisdiction on the Appellate Court of all matters of appeal or writs of error from the final judgments, orders or decrees of county courts "in any suit or proceeding at law, or in

chancery other than criminal cases, not misdemeanors."
The *McCallum case* arose over objection to a guardian's
report of a sale of the ward's real estate. The Guardian
act, by section 31, deals with the practice in case of such
application for sale, and is as follows: "Such application
shall be docketed as other causes. * * * The practice
in such cases shall be the same as in other cases in chan-
cery." The *McCallum case* held that section 43 of the
Guardian act had been repealed by the sections of the Prac-
tice act and of the Appellate Court act herein referred to,
and counsel for appellant contend that this is conclusive of
this question. What was said in the *McCallum case* is to
be applied only to the subject matter under discussion there.
The application of the guardian to sell real estate is by the
section of the Guardian act referred to considered as a chan-
cery proceeding. Under the sections of the Appellate Court
and Practice acts referred to, appeals are to be taken from
the county or probate courts to the Appellate or Supreme
Court "in any suit or proceeding at law or in chancery."
The proceeding here was purely statutory and is not a suit
or proceeding at law or in chancery within the meaning of
those sections, and the appeal was therefore properly taken
to the circuit court. *Sebree* v. *Sebree,* 293 Ill. 228.

Appellant insists that the *McCallum case, supra,* cannot
be distinguished from this case. The expression "suit or
proceeding at law or in chancery" has been construed to
mean suits or proceedings instituted and carried on in sub-
stantial conformity with the forms and modes prescribed by
the common law. (*Nadig* v. *Turner,* 291 Ill. 513; *Grier*
v. *Cable,* 159 id. 29.) In *Nadig* v. *Turner, supra,* it was
held that an administrator's petition for an order of the
county court to enable him to carry out the decedent's con-
tract to convey land under paragraph 126 of the act pro-
viding for the administration of estates is a statutory pro-
ceeding and not a proceeding at law or in chancery, and
that an appeal therefrom should be taken to the circuit

court. The language of this court in the *McCallum case,* *supra,* must be construed in the light of the language of the opinion in *Lynn* v. *Lynn,* 160 Ill. 307, cited in the former case. The question in the *Lynn case* arose on an administrator's petition for sale of real estate to pay debts, and this court said of section 8 of the Appellate Court act: " 'The manifest purpose is to make the appeal, in all cases enumerated, from the final order, judgment or decree of the county court to the Appellate Court.' The cases enumerated are: 'In any suit or proceeding at law or in chancery, other than criminal cases not misdemeanors, and cases involving a franchise or freehold or the validity of a statute.' Does a decree for the sale of land to pay debts fall within this provision? Manifestly it does." From this it will be seen that the language of the court in the *McCallum case* is to be applied only to the character of cases there under consideration, and section 43 of the Guardian act, under the ruling in that case, is repealed only in so far as it relates to a guardian's sale of real estate. We are of the opinion that the appeal was properly taken to the circuit court.

It is next contended by appellant that the Trautvetters had no appealable interest in the case. They were of the next of kin of the minor. They were notified to appear at the hearing and as such next of kin were proper parties to the proceeding, and the question arises whether or not these facts gave them a right to appeal. It is a question by no means free from doubt. In the case of *Adams* v. *Specht,* *supra,* the Kansas court, as we have seen, held that appellant there did not have a right of appeal, both on the ground that he was not an aggrieved party, as referred to in the statute, and that an appeal is incompatible with the nature of the proceedings. Appellees cite the case of *Taff* v. *Hosmer,* 14 Mich. 249, as authority for their contention that the Trautvetters had a right of appeal. In that case, under a statute similar to ours, it was held that the relationship of

grandfather, while giving no right of control of his infant grandchild, gave him a right, as next of kin, where he is a party to an application for appointment of a guardian, to appeal from an adverse decision on that matter. The court in that case reviews the history of the law in relation to guardian and ward and its development in this country and in England, and bases its decision upon the doctrine that courts endeavor to protect an infant, and that the next of kin of such infant are the ones most naturally interested in such protection. The statutes of Michigan appear to be similar to our own statutes pertaining to the right of appeal in guardianship matters. *White* v. *Pomeroy,* 7 Barb. 640, arose over the appointment of a guardian. The New York statute required, as does our own, that notice be given such of the relatives of the minor residing in the county as the surrogate should, on due inquiry, think reasonable. Five relatives in the county where the minor resided received no notice. It was in that case held that they were entitled to notice. The court said: "The safeguards, therefore, which the law has thrown around the infant to prevent an injudicious appointment must not be disregarded. The discretion vested in the surrogate is not an arbitrary one, and if it had been erroneously exercised the court will correct the error." The court in its opinion cites *Underhill* v. *Dennis,* 9 Paige, 202. In the latter case the New York court recognizes a right of appeal from an order appointing a guardian. In *In re Appeal of Weisne,* 39 Conn. 537, the court upheld the right of a mother to appeal from an order appointing another as guardian. In *Wilson* v. *Shorick,* 21 Iowa, 332, it was held that a provision of the statute authorizing the removal of a guardian did not expressly or by implication take away the right of appeal which was given by the general law of appeals. Woerner in his American Law of Guardianship (par. 35, p. 110,) says: "The power to appoint guardians to minors is of a judicial nature and when conferred upon the probate court is in

305—26

most States subject to appeal, which may be prosecuted by any person who has a right to be heard in the probate court." No case, other than that of *Adams* v. *Specht, supra,* has been cited holding a contrary view, and this case appears to be against the great weight of authority. The contrary is the better view. If the law place a minor of tender years beyond the interest and assistance of all persons having those natural bonds arising out of family and blood relationship with him he is left entirely at the mercy of strangers. If the next of kin have no right to appeal from an order appointing a guardian for him or to intervene to prevent a bad selection, no reason is perceived why a guardian who is in nowise related to or interested in the infant, either by ties of blood or family, may not be appointed and those interested in him by nature's strongest ties be powerless to intervene.

If the next of kin of the minor have no appealable interest in the appointment of a guardian for him, it may well be asked who may exercise the right of appeal expressly given by section 43 of the Guardianship act? A six-year-old child cannot appeal, even though he had sufficient understanding to do so, since he has a guardian appointed by the court to represent him, and neither the guardian appointed nor the court making the appointment would be likely to seek or desire a review of the order of appointment. If the next of kin cannot appeal, then the statute expressly giving the right of appeal fails because no one is allowed to assert that right. Such a situation is abhorrent to the spirit and letter of the act. While the next of kin have no right, under the statute, to be appointed guardian, such appointment being vested in the county court or probate court in the first instance, yet the nature of their relationship and the purpose sought to be carried out by the appointment of a guardian,—that is, that the best interests of the minor shall be subserved,—give to the next of kin who have been made parties to the proceeding under the

statute an interest in the minor, and we are of the opinion that they should be given the right to be heard on appeal from an order appointing a guardian for such minor. The statute provides that the county court shall, on application for appointment of a guardian, notify such next of kin of the minor residing in the county, as shall on investigation seem to the court reasonable. Mary A. Trautvetter was made a party by notice from the county judge, as provided by statute. She contested the appointment of the appellant throughout.

Appellant argues that because appellees, in their application for appointment of guardian, requested the appointment of Mary A. Trautvetter or some other person to be named by the court, the appointment of appellant was a compliance with such application, and that therefore there was no adverse decision of the county court on that matter. Such argument is without merit. The appellees filed a petition to set aside the appointment of appellant, and regardless of the language in their application referred to, it cannot be said that his re-appointment by the county court was not an adverse decision.

Appellant also contends that even though the circuit court had jurisdiction to entertain this appeal on the part of the Trautvetters, it nevertheless had no authority to enter an order appointing a guardian but should have reversed or affirmed the decision of the probate court in that matter. Section 122 of the County Court act provides that cases taken to the circuit court by appeal from the order, judgment or decree of the county court shall be tried *de novo.* In *People* v. *Grace,* 237 Ill. 265, it was held that where the court to which the appeal is taken has authority to try the cause *de novo* and settle the controversy by a judgment of its own and to enforce such judgment by its own process, the judgment of the inferior court is vacated and set aside during the pendency of such appeal. In *Snyder* v. *Snyder,* 142 Ill. 60, the question involved was as to the appointment

of a conservator by the circuit court under a trial *de novo* in that court on appeal from the county court. Concerning such trial this court said: "As said before, the statute required the appeal to be taken to the circuit court, and also required the cause, on appeal, to be tried *de novo*. On a trial *de novo* the circuit court stood in the shoes of the probate court. It had the same jurisdiction on the trial *de novo* and was clothed with the same powers as the probate court. The same rule is observed in a case of this kind as occurs where an appeal is taken from a justice of the peace to the circuit court. On a trial of an appeal of that character the circuit court exercises the same jurisdiction which was conferred by law on the justice, and on the trial of the appeal is clothed with the same powers. As has been seen, upon a return of the verdict that the person is distracted the statute required the probate court to appoint a conservator. On a trial of the appeal in the circuit court, as the trial was required to be *de novo*, upon the return of the verdict that Mary T. Snyder was distracted it was the duty of the circuit court to appoint a conservator, which it did." The hearing on appeal in this case being *de novo*, the circuit court had a right to enter the order of appointment.

It is further contended by the appellant that it was not for the best interest of the child that Mary A. Trautvetter be appointed guardian of the person and William A. Dodge be appointed guardian of the property of the child. An examination of the abstract discloses that either Mary A. Trautvetter or Bert R. McMahan is a proper person to have the custody of the child in this case. The Appellate Court, on review of the evidence, arrived at the same conclusion. In fact, beyond reference to the age of the father of Mary A. Trautvetter, and the fact that she and her sister are spinsters, appellant does not contend that their home is not a proper home for this child. The hearing in this court on appeal is not a *de novo* hearing, and unless it appears that the circuit court has abused the discretion placed in it

in making the appointment, this court is not justified in setting such appointment aside. All parties involved in this controversy appear to be good people, and this court, on an examination of the record, is unable to say that the circuit court has abused the discretion vested in it by the order of appointment made.

The order of the circuit court and the judgment of the Appellate Court are therefore affirmed.

*Judgment affirmed.*

THOMPSON, C. J., CARTWRIGHT and DUNN, JJ., dissenting:

It is our opinion that appellees had no right to appeal from the order of the county court appointing appellant the guardian of this minor child. Section 2 of the act in regard to guardians and wards vests in the county courts the power to appoint guardians of minors when it shall appear necessary or convenient. Section 3 provides that if the minor is under the age of fourteen years the county court may nominate and appoint its guardian, but if it is above that age it may nominate its own guardian, who, if approved by the court, shall be appointed. The minor is the only necessary party to this proceeding. When it is brought to the attention of the county court, by petition or otherwise, that it is necessary or convenient that a guardian be appointed for a minor resident in the county or who has property in the county, section 10 of the act provides that the court shall assign a day for the hearing of the matter and shall direct that such notice of the hearing be given to the relatives of the minor residing in the county as it shall, on due inquiry, think reasonable. The only relatives who have any legal right to the custody of the child are its parents, and if they are living they would be proper parties under all circumstances, and the court is required to notify them. No other relative is a proper party except that the court desires his presence to assist it in making a proper

disposition of the matter at hand. Relatives living at a distance and who are not familiar with the child and its surroundings might not be proper persons to notify, while relatives whose kinship is more remote but who live in the neighborhood of the child and who have taken a special interest in the child's welfare would be proper parties. Who are and who are not proper parties is a question for the decision of the court, and the court may call for advice whomsoever it pleases. Because of the natural interest of its kinsmen and the natural bond of union which we expect to find among those of the same blood, the law has deemed it wise to require the county judge to seek the aid of the child's relatives in making a good choice of guardian, but the county court, under our statute, is the ultimate arbiter in this selection. Where all parties agree that a guardian should be appointed for the person of a minor child under fourteen years of age the statute vests in the county court the right to nominate and appoint as guardian some person whom its finds to be suitable. It is absolutely incompatible with the whole theory of the Guardian act that some relative dissatisfied with the selection made should have the right to appeal from this order. Can it be that when a minor above the age of fourteen years nominates some person for its guardian and the county court deems such person suitable and makes the appointment, some disappointed relative can drag this ward through all the courts of the State and thus keep the matter of the guardianship of the minor unsettled by litigation for years? The question answers itself. The theory and purpose of the act are that the proceeding shall be wholly informal and that the matter of the minor's guardianship shall be promptly and definitely settled. Whether the guardian be nominated by the minor or by the court, when the court exercises its discretion and names some suitable guardian that proceeding is at an end. If the person appointed is not suitable, section 37 provides the method of procedure by which to have him removed.

Section 43 provides that "appeals shall be allowed to the circuit court from any order or judgment made or rendered under this act," but this section can apply only when the appellant has an appealable interest. If the parents were living they might contest, by appeal, whether it was necessary to appoint a guardian for their minor child, for the reason that they are legally entitled to the custody of the child unless it has been determined by the court that they are unfit to have that custody. Being interested parties, they have a right to contest the action of the court in taking their child from their custody. On the other hand, no person has a legal right to be appointed guardian of a minor after it has been determined that the appointment is necessary or convenient, and so no person has such an interest as entitles him to appeal from an order of the county court naming a suitable person guardian. It is conceded in this proceeding that both appellant, B. R. McMahan, and appellee Mary A. Trautvetter, are suitable and proper persons to be appointed guardian of this child. On what theory is an appeal allowed from the county court to the circuit court? If such an appeal is allowed there is no review of the decision of the county court, but the county court's decision is set aside by the appeal and held for naught. The trial in the circuit court is *de novo*. In determining who is the most suitable and proper person to be the guardian of a child no questions of law are involved. The question is purely one of discretion, and whether that discretion will be properly exercised depends entirely upon the man who exercises the discretion and not upon the position which he holds. All rights are as securely protected when this discretion is to be exercised by the county court as they would be if the statute declared that it was to be exercised by the circuit court. To hold that any disappointed relative has an appealable interest in a case of this character is to destroy the very purpose of the act.