[No. 17138.   Department One.   December 11, 1922.]

GEORGE W. CHUTE *et al., Appellants,* v. BURBANK IRRIGATION DISTRICT No. 4, *Respondent.*[1]

WATERS AND WATER COURSES (92)—IRRIGATION DISTRICTS—ASSESSMENTS—BENEFITS TO PROPERTY.  A landowner cannot avoid liability for assessments of an irrigation district for water, on the ground of nondelivery and non-use during the years in question, where water was brought to the corner of the tract from which it could have been diverted by ditches; nor because residence lots were not liable, where it does not appear that water could not be used thereon; nor because of undue expense in lifting water to an independent area, where the pumping portion of the system was a necessary adjunct, intricately connected with the delivery to such owner.

Appeal from a judgment of the superior court for Walla Walla county, Miller, J., entered February 28, 1922, in favor of the defendants, in an action to cancel water assessments, and for money paid, tried to the court.  Affirmed.

*Chas W. Johnson,* for appellants.

*G. S. Bond,* for respondent.

MACKINTOSH, J.—The Burbank Company, a private corporation, entered into agreements with various owners of arid land for the furnishing of water.  The appellants had such an agreement, which provided that the company should deliver water at the northeast cor-

[1] Reported in 210 Pac. 673.

ner of tract number 21, in section 34, township 8, range 31, east. The irrigation project was taken over in 1919 by the Burbank Irrigation District Number 4, the respondent in this action, through the purchase of the assets of the Burbank Company in Federal receivership. The respondent assumed the obligations of the Burbank Company as far as the lands in controversy before us are concerned, and agreed with the various property owners that, as soon as it was financially able to do so, it would extend ditches and flumes, etc., and deliver water at more accessible points than the Burbank Company had agreed to. The appellants bring this action for the cancellation of assessments · for the years 1920 and 1921, and for recovery of assessments paid for the year 1919, alleging that the lands owned by them were not capable of being benefited by the maintenance of the irrigation system during those years.

There are three grounds of opposition to these assessments: First, that one hundred and ten acres owned by the appellants did not receive water during those years, and that they could not have received it. The record entirely disproves this contention. Beyond any doubt, water was delivered at the northeast corner of tract 21, section 34, and that from that point the appellants had private ditches and flumes extending into and over the one hundred and ten acres, and that all it was necessary for the appellants to do to obtain the water which they might require was to use these ditches and flumes, or such extensions as they might have desired to make. They are not excused from doing so from the fact that the irrigation district at some time in the future may be in financial position to deliver the water at a point nearer to where it will ultimately be used. The original agreement which the appellants had with the Burbank Company was kept

by the irrigation district, its successor, and the appellants have no right to complain.

Second: It is contended that the appellants are owners of certain town lots in the townsite of Two Rivers, which is situated within the irrigation district, and that these lots are not subject to assessment for water maintenance. There is nothing in the record to show that these lots were not capable of using water, which, as the evidence shows, is accessible to them and ready for use. As far as the record shows, these lots may contain lawns, shrubbery and trees which need water for their growth. The whole case presents a situation where water has been led to the potential consumer but he has failed to use it. Although he cannot be made to absorb it, he must nevertheless pay for the libation which has been poured.

The third and last contention is that money of the district has been used for construction cost in installing a special equipment necessary to lift the water to an independent area, and this cost should not be portioned among the consumers of the water on the lower area. It is not necessary to recite the complicated facts which the record discloses in regard to the engineering features of this irrigation system, but it shows without a doubt that this pumping portion of the system is a necessary adjunct of it, and that it is intimately and intricately connected with the delivery of the water to the appellants, and that they therefore had no legal right to make the objection which they are raising here.

Judgment affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.