[No. 17612.    Department One.    May 3, 1923.]

OTIS ORCHARDS COMPANY, *Appellant,* v. OTIS ORCHARDS
IRRIGATION DISTRICT No. 1 *et al., Respondents.*[1]

WATERS (92)—IRRIGATION DISTRICTS — ASSESSMENTS — PROPERTY
SUBJECT—BENEFITS—STATUTES. The owner of land in an irrigation
district is liable for an assessment for operation and maintenance,
whether he uses the water in any given season or not, under Rem.
Comp. Stat., §§ 7433, 7434 and 7454, providing for improvement
bonds to be paid by annual assessments, for which all the real
property in the district is liable, and providing for raising revenue
for operation and maintenance by the levy of an assessment, or by
tolls, or by both.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered May 13, 1922, in
favor of the defendants, dismissing an action to enjoin
the collection of a tax, after a trial on the merits before
the court. Affirmed.

*Hamblen & Gilbert,* for appellant.

*Donovan & Grant, Wm. C. Meyer,* and *C. A. Orndorff,*
for respondents.

*The Attorney General* and *Fred J. Cunningham,*
Assistant, amici curiae.

MAIN, C. J.—The plaintiff, being the owner of land
within the boundaries of Otis Orchards Irrigation Dis-
trict No. 1, brought this action to have certain assess-
ments for the operation and maintenance of the irriga-
tion system declared null and void. The action was
tried to the court without a jury, and resulted in a
judgment of dismissal. From this judgment, the plain-
tiff appeals.

The facts may be summarized as follows: The ap-
pellant, Otis Orchards Company, is a corporation. The
respondent Otis Orchards Irrigation District No. 1 is

[1] Reported in 215 Pac. 23.

a duly organized irrigation district under the laws of this state, and for convenience will be referred to as the respondent though the county treasurer was a party to the action and is likewise a respondent. There are comprised within the boundaries of the respondent district about 2,700 acres of land. Of this, 781 acres are owned by the appellant, of which 428 acres are unimproved lands, never having been cultivated or irrigated in any manner. Two hundred and eleven acres of the appellant's land have never been irrigated, but have been under cultivation and used for the growing of wheat. In addition to this, sixty acres have been planted to orchards and use water from the irrigation system of the district. The irrigation district secures its supply of water from Newman lake, a few miles distant. The water is conducted through an open flume and ditch and distributed throughout the district in pipes. During the greater portion of the irrigation season the water flows by gravity from the lake, but for a few weeks when the level of the lake lowers, it is necessary to pump water into the canal at the intake. The lands throughout the district are of the same general character, and all the lands of the appellant, including the raw and wheat land, are irrigable and have been piped for the delivery of water to the same. In other words, the water is available whenever the appellant sees fit to use it.

During the year 1921, the respondent, through its proper officers, prepared an assessment roll in which it listed all the lands within the district, including the lands of the appellant, those actually under irrigation and the raw and wheat lands as well. Thereafter the board of directors of the respondent gave notice that it would proceed to meet as a board of equalization for the purpose of equalizing the assessments made against

the land included in the district. The appellant object-
ed to the levying of an assessment against its unim-
proved land or against its wheat lands, other than
such an amount as would be necessary to pay interest
on the district's outstanding bonds. The board of
directors overruled this objection and proceeded to
assess the lands of the appellant at the same rate or
ratio as all the other lands in the district. As above
indicated, this action was thereafter brought by the ap-
pellant against the irrigation district and against the
county treasurer to restrain the collection of the assess-
ments, and to set aside the assessments against the
lands in so far as said assessments were for mainte-
nance and operation. The respondent tendered to the
county treasurer and into court that portion of the
assessment which it conceded was legal, to wit, nine-
seventeenths thereof, to be used for paying interest on
the district's outstanding bonds.

The controlling question is whether the lands of the
appellant which are unimproved and those upon which
wheat has been grown without irrigation are subject
to assessment for the operation and maintenance of the
irrigation system. The respondent district was regular-
ly organized under chapter IV of title XLVIII, Rem.
Comp. Stat. The sections of this chapter which are
germane to the question to be determined will be
noticed. Section 7433 provides, among other things,
that the board may sell bonds of the district to raise
money for the construction, reconstruction, betterment
or extension of canals and works and the acquisition
of property and property rights. Section 7434 pro-
vides that the bonds and interest thereon shall be paid
by revenue derived from ''an annual assessment upon
the real property of the district, and all the real prop-
erty in the district shall be and remain liable to be as-

sessed for such payments until fully paid as herein-
after provided. . . ." By this section, "all the
real property" in the district is liable to be assessed.
Section 7454 provides, among other things:

"For the purpose of defraying the expenses of the
organization of the district, and of the care, operation,
management, repair and improvement of such portions
of said canal and works as are completed and in use,
the board may either fix rates or tolls and charges, and
collect the same from all persons using said canal for
irrigation and other purposes, or they may provide for
the payment of said expense by a levy of assessment
therefor, or by both said tolls and assessment; if by
the latter method, such levy shall be made on the com-
pletion and equalization of the assessment-roll each
year, and the board shall have the same powers and
functions for the purpose of said levy as possessed by
it in case of levy to pay bonds of the district."

Here is provided the means by which the money is
to be raised to pay for the operation, management and
improvement of the canal and works by which the dis-
trict's water supply is made available. It will be
noticed that, for the purpose of raising this money,
the board shall have "the same powers and functions
for the purpose of said levy as possessed by it in case
of levy to pay bonds of the district." Referring again
to § 7434, where the manner of the payment of bonds
is provided for, it there appears, as already pointed
out, that all the real property in the district shall be
and remain liable to assessment. It is generally under-
stood that land within a district is benefited by an ir-
rigation system to the extent that the added facilities
for irrigation add to the value of the land itself, and
this does not depend upon the use the owner may make
of the water. The value of the right conferred or
added, and not the extent to which the property owner

may take advantage of the right, is the test to determine whether a benefit has been received. It is well understood that the owner of vacant and unimproved property may not object to an assessment for a sidewalk or sewer on the ground that he does not expect to improve his property and therefore will have no use for such improvement.

We do not understand that the appellant controverts this proposition, but it argues that, since it is not using the water, and since it is willing to agree not to use it for a certain season, it would be unjust to require it to pay an assessment for operation and maintenance. If one property owner may do this, others could do the same, and the result might be that the cost of maintenance and operation of the plant would have to be borne during a particular season by a small number of the property owners within the district. There is no provision in the law exempting the property owner from the payment of assessments for operation and maintenance when he does not make use of the water. The lands within the district available for and subject to irrigation under the system constructed should be considered as a whole and the assessment spread upon all lands which are or may be supplied with water by the district by means of the system which it operates. Any other conclusion could easily result in practically destroying the power of the district of accomplishing the purpose for which it was organized. In *Colburn v. Wilson*, 124 Idaho 94, 132 Pac. 579, the supreme court of Idaho had occasion to construe a statute of that state which, of course, is not identical in terms with the statute of this state, but which is similar in theory; and it was there held that all the irrigable lands within the district could be assessed for the maintenance and operation of the water system at the same rate where

the benefits, that is the water needed and received, were the same. It was there said:

"In other words, under section 2407, it was the intention of the Legislature that all lands within an irrigation district available for and subject to irrigation, under the system constructed, must be considered as a whole, and that the assessment shall be spread upon all the lands of the district which are or may be supplied with water by such district, under said system."

And further, that:

"In making such assessment it was intended by the Legislature that in the annual assessment for maintenance and operation of the water system the lands irrigable under the system within the district should be considered as a whole and such lands must be assessed at the same rate where the benefits, that is the water needed and received are the same. The statute specifically says that said assessment shall be spread upon all the lands of the district. This language necessarily excludes the idea of local assessment—that is any assessment which does not include all the lands in the district. In other words, it was intended by the Legislature that the annual assessment for maintenance and operation of the water system within the district shall be spread upon all the lands which are susceptible of irrigation, and such lands shall be subject alike in spreading such assessment upon the lands within the district, and the fact that such expense and assessment is largely incurred by reason of improvement and maintenance of a part of the system, or, as in the present case, where there are two arms of the main canal and such expense is incurred in the improvement and maintenance of one of these two arms to a greater extent than the other, and the two arms are in no way connected or beneficial one to the other, such expenditure will not alter or change the requirement of the statute that such assessment shall be made upon all the lands within the system."

In *Chute v. Burbank Irrigation District No. 4*, 122 Wash. 491, 210 Pac. 673, it was held that, where

water had been "led to the potential consumer" and he had failed to make use of it, he must nevertheless pay for the same.  The question which we are here considering was there in effect determined, though it is true that, in that opinion, the statute was not referred to or considered.  Giving consideration to the statute, we are of the opinion that the declaration made in that case is correct, and that the owner of irrigable land within a district must respond to the annual assessment for the operation and maintenance of the system, where the water is made available for his use, even though he does not use it.  The case of *Northern Pac. R. Co. v. Walla Walla County*, 116 Wash. 684, 200 Pac. 585, is distinguishable.  There the property was held not subject to the assessment for the maintenance of the irrigation district because it was not capable of being benefited by the maintenance of the district's irrigation system; in other words, that it was incapable of irrigation and cultivation, and therefore would not be subject to maintenance charges.

The judgment will be affirmed.

HOLCOMB, MITCHELL, MACKINTOSH, and BRIDGES, JJ., concur.