[No. 25844. *En Banc.* October 29, 1936.]

VICTOR LESAMIZ *et al., Appellants,* v. WHITESTONE RECLAMATION DISTRICT *et al., Respondents.*[1]

[1]Reported in 61 P. (2d) 1305.

*W. H. Patterson* and *H. A. Davis,* for appellants.

*P. D. Smith,* for respondents.

Holcomb, J.—Prior to 1926, the Whitestone reclamation district had become heavily bonded. It had also encountered a shortage of water, owing to the failure of one of its reservoirs to hold water, which made it unable to furnish water to a large body of land, and consequently a large acreage was eliminated from the district. Prior to that elimination, the owners had paid one or more assessments for bond interest. The district felt that, inasmuch as the lands eliminated had received no benefits whatever, it would be but fair to refund to such owners the assessments they had paid for interest on the bonds. In 1926, the district levied an assessment only against the lands within the diminished district, which then comprised but 2,207 acres of irrigable land, to refund the bond interest paid by the owners of the eliminated lands, and the lands in controversy were sold to pay the reduced assessments.

This reorganization and refunding the trial judge traced to authority and valid proceedings under an act of 1925, Rem. Rev. Stat., §§ 7505-1 to 7505-5 [P. C. § 3268b-1 to 3268b-5], inclusive.

The assessments in question were levied for the year 1926 against SE¼ NW¼ and NW¼ SE¼ of section 7, township 38, range 27, E. W. M., with the First National Bank of Tonasket, Washington, named as owner. The irrigable land consisted of about one acre in the SE¼ NW¼ and about 1.5 acres in the NW¼ SE¼, with $2.50 assessed for a refund on the first tract and $3.75 as a refund on the second tract. This action to quiet title was commenced in 1934, nearly eight years after the refunding proceedings were had, and no appeal was taken to the superior court of the county

from the reassessment proceeding as provided by the act.

Soon after the taking effect of the act of 1925, *supra,* the district directors passed certain resolutions looking toward the refunding of a part of the obligation for a large sum of money which had been advanced by the state through its department of conservation and reclamation. Originally, there had been about 14,000 acres of land included within the district in question. An issue of $700,000 in bonds had been voted April 19, 1919, but not sold; an issue of $900,000 had been voted March 10, 1924, but not sold; and an issue of $225,000 had been voted August 19, 1925, but not sold. About 12,000 acres were eliminated by the directors and the department, leaving about 2,207 acres of irrigable land remaining in the district.

An election was held on April 14, 1928, under the new law to authorize the reorganization and refinancing of the district.

In lieu of the bonds that had been issued to be delivered to the state, new bonds in the sum of $253,805 were duly issued by the district, which were understood to be in full settlement of all moneys advanced to the district by the state.

It is manifest that there was a general indebtedness from and after the election of April 14, 1928, authorizing the issuance of bonds in the above mentioned sum, together with interest thereon. Interest from that date was to be payable semi-annually and the principal fall due in a series commencing ten years from the date of issue.

■ The language of Rem. Rev. Stat., §§ 7505-1 to 7505-5 [P. C. § 3268b-1 to 3268b-5], is somewhat involved and intricate. Although the law itself does not use the word "refund" as was used in the reassessment proceeding, subdivision one thereof provides for

"reimbursement of owners" and subdivision two of the act provides for the

". . . repayment to the owners of such excluded lands of any assessments paid thereon, and the cancellation of all unpaid assessments against excluded lands."

These provisions assuredly authorize the refunding attempted in these proceedings.

The refunding of such assessments is also authorized by the general statute relating to irrigation districts, Rem. Rev. Stat., § 7497 [P. C. § 3268].

The contention of appellants that the assessments covering the land in question, from and after 1926, were not assessments to meet general indebtedness, is untenable. They complain of inferences which the trial judge drew from our decisions in *State ex rel. Wells v. Hartung*, 150 Wash. 590, 274 Pac. 181, and *Roberts v. Richland Irr. Dist.*, 169 Wash. 156, 13 P. (2d) 437, to the effect that all land within the boundaries of an irrigation district was liable for all assessments to meet items of general indebtedness. That is what we said and meant in the above cited decisions.

Appellants rely largely upon our decisions in *Northern Pac. R. Co. v. Walla Walla County*, 116 Wash. 684, 200 Pac. 585; *Otis Orchards Co. v. Otis Orchards Irr. Dist.*, 124 Wash. 510, 215 Pac. 23, and *Laycock v. Lake Chelan Reclamation Dist.*, 124 Wash. 544, 214 Pac. 1054.

The first of the above cited cases was one where the land owner seasonably sued to recover assessments paid under protest to the county when, in fact, its lands had not been benefited by the maintenance of the irrigation system. This, we held to work a legal fraud upon the landowner. Neither in that case nor in the other two cases cited, was it determined that the landowner had the right to have an assessment unit resegregated into smaller entities when dissatisfied with

the size of a unit and have the assessments of previous years readjusted to fit the realignment.

The general principle that assessments for local improvements, in order to be valid, must correspond to benefits resulting to land assessed, does not require that every portion of property subjected to the assessment should be directly benefited by the improvement, but the property assessed may be divided into units for the purpose of estimating benefits; and, unless the classification is arbitrary or unreasonable, a land owner may not defeat the assessment by showing that some particular part of the unit assessed is not directly benefited; hence, the fact that ten acres of a forty-acre tract to which water of the irrigation district was allotted, was not thereby benefited, does not defeat sale for delinquency. *Hatch v. Edwards,* 72 Utah 113, 269 Pac. 138.

If a legal subdivision is included as a whole, it should be assessed as one unit or tract according to the benefits accruing based on the number of irrigable acres thereon which are served by the district. *Wight v. McGuigan,* 94 Neb. 358, 143 N. W. 232.

Rem. Rev. Stat., § 7436 [P. C. § 3214], prescribes that assessments for the benefits may be made and the land described by township, range, section, or fractional section, and when such land is not a legal subdivision, by metes and bounds, or other description sufficient to identify it, giving an estimate of the number of acres, and is a sufficient description for the purpose of carrying into effect assessments made by irrigation districts. The amendments by the act of 1933 have made no change in this respect.

The judgment is affirmed.

MILLARD, C. J., MAIN, MITCHELL, BLAKE, STEINERT, and GERAGHTY, JJ., concur.

BEALS and TOLMAN, JJ., dissent.