J. G. EARLY, Appellee, v. CITY OF FT. DODGE, Appellant; THOMAS WARD, Appellee, v. CITY OF FT. DODGE, Appellant; JAMES FITZPATRICK, Appellee, v. CITY OF FT. DODGE, Appellant.

**Municipal Corporations:** SPECIAL ASSESSMENTS: APPEAL: JURISDIC-
1   TION.   On appeal from the levy of a special assessment against abutting property the court has authority not only to inquire into the validity of the assessment, but may, if it finds the assessment legal, determine the proper amount thereof.

**Same:** DISTRIBUTION OF TAX.   A property owner is not bound by a
2   special assessment merely because it is not in excess of the benefits conferred; he is entitled to have it ratably and pro-

portionately distributed over all the property in the assessment district.

**Same:** EVIDENCE. Evidence in the instant case is held to show that the assessments made by the council were disproportionate and excessive and that the reduction made by the court is equitable.

*Appeal from Webster District Court.*— HON. J. H. RICHARD, Judge.

WEDNESDAY, NOVEMBER 13, 1907.

THE opinion states the case.— *Affirmed.*

*Mitchell & Hackler* and *Healy & Healy,* for appellant.

*Kelleher & O'Connor,* for appellees.

WEAVER, C. J.— The city of Ft. Dodge, acting by its counsel having caused several of its streets to be paved, guttered and curbed, levied a special assessment therefor upon the property abutting such streets. From these assessments the plaintiffs in the several cases above entitled, who are the owners of property affected thereby, appealed to the district court. On the trial of said appeals the district court in each case found the assessment to be excessive and inequitable, and reduced the amount thereof. From this order and decree the city has appealed. The three cases, presenting substantially similar controversies, have been tried upon a single record, and will be disposed of in one opinion.

I.    The proposition most earnestly pressed upon our attention is that the duty of the district court, upon appeal from a special assessment of this kind, is simply to inquire whether the city council adopted a legal method or plan in making the assessments and distributing the burden thereof, and if such plan be legal, and the assessment complained of be found excessive, the court may reduce it to the proper figure; but, if the question of the legality of the council's plain be de-

1. MUNICIPAL CORPORATIONS: special assessments: appeal: jurisdiction.

cided in the negative, then the only authority which the court has in the premises is to set aside the assessment and remand the case to the council, with proper directions.   That a law framed upon this theory might be an excellent scheme for the solution of some of the vexing questions which cluster perennially about the subject of special assessments may be admitted, but unfortunately the theory of the appellant appears to be radically out of harmony with the existing statutes.   Turning to the Code (chapter on Street Improvements, section 839), we find (the italics are our own): "*Any* person affected by the levy of *any* special assessment may appeal therefrom to the district court.   .   .   .   Upon such appeal all questions touching the *validity of the assessment* or the *amount thereof* and not waived under the provisions of this chapter, shall be heard and determined.   The appeal shall be tried as an equitable action and *the court may make such an assessment as should have been made* or direct the making of such assessment by the council."   In view of the quoted section, we are unable to conceive how it can be said that no authority is given the court to adjudicate the proper amount of any assessment from which an appeal is taken without willfully ignoring the express legislative will, or reading all the meaning out of a statute expressed in plain, unambiguous and familiar words.   The question involved in these assessments is not so much one of methods or plans, as of results.   It makes little difference what fanciful theories or arbitrary rules the city council or the court may employ in discussing the question, the final and decisive inquiry is whether the assessment when made is just and equitable and bears some reasonable proportion to the benefits which the property derives from the improvements for which payment is to be made.   That is the question which the statute expressly authorizes the court to consider, and it was the question which the trial court in the instant case undertook to adjudicate.   In so doing, it did not transcend its power or jurisdiction.

II.   Counsel further say that, even conceding the authority of the court to act in the premises, the evidence conclusively shows that the property was benefited by the

2. SAME:
distribution
of tax.

street improvement to an amount in excess of the assessment thereon, and plaintiffs therefore have no just cause of complaint.   If this be a correct principle, then no property owner could rightfully object so long as his assessment is not in excess of the benefits received, and it might easily happen that the entire cost would be assessed upon only a part of the abutting property. Under our statute, the true rule, while prohibiting an assessment in excess of the benefits to the property, requires that the burdens be distributed ratably and proportionately upon all of the abutting property in the taxing or assessment district. Both requirements must be satisfied before a just and equitable assessment can be had.

III.   Nor is the appellant correct in its contention that the assessment as settled by the trial court is without support in the evidence.   Most of the witnesses who are in the best

3. SAME:
evidence.

position to speak intelligently on this subject unite in estimating the benefits to the property of plaintiffs at about the figures fixed by the trial court, while by comparison with other lots the assessments made by the city council have at least the surface appearance of being excessive.   The lots in controversy are all in a residence neighborhood, and are each corner lots, and the amount assessed upon each was about three and one-third times the amount assessed upon inside lots of the same size in the same blocks and of comparatively equal value, except such difference as ordinarily exists between corner and inside property.   Bearing in mind all of the facts and circumstances disclosed by the record, the reduction made by the trial court, amounting to about 20 per cent., does not appear to be unreasonable, and the assessment as fixed by the decree is equitable and should not be disturbed.

We do not attempt any review of the authorities cited by

counsel. None of our own decisions are inconsistent with the conclusion thus announced, and cases decided in other jurisdictions are invariably controlled by the peculiar provisions of local statutes  Our own statute, as we have seen, gives the court, on appeal from an assessment, a broad and comprehensive power of review, and while due consideration will be given to the action of the city council, and its conclusions will not be disturbed for light and trivial causes, if the assessment be clearly inequitable, the court will not hesitate to exercise the authority given it to " make such an assessment as should have been made," or in a proper case will remand the matter to the council with directions as to its duty in the premises.

Under our interpretation of our own statute, the one material question presented by this appeal is, as we have already suggested, whether the trial court correctly found that the assessment of the property of the plaintiffs was excessive and inequitable, and, if so, whether the reduction ordered is reasonable and proper. From the evidence in the record we hold to the affirmative of both propositions.

The decree of the district court is *affirmed.*