THE PEOPLE *ex rel.* William H. Whiteside, County Collector, Appellee, *vs.* DRURY WEATHERHEAD, Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. DRAINAGE—*an appeal from commissioners' decision on objections to classification operates as a supersedeas.* When an appeal is taken by a land owner to the county court from the decision of drainage commissioners upon the objections to the classification of the lands, the commissioners have no power to levy and collect the drainage assessment against the lands of such owner until the appeal is disposed of, though they may levy and collect the tax as to the lands of owners not appealing. (*People* v. *Meyers,* 124 Ill. 95, and *People* v. *Grace,* 237 id. 265, distinguished.)

2. SAME—*decision of commissioners upon objections to classification is not final.* Drainage commissioners have no lawful authority to tax the lands more than they are benefited nor more than their just proportion of the benefits, and the decision of the commissioners is not made final upon such questions but may be reviewed on appeal to the county court.

3. SAME—*original classification fixed by the commissioners is final as to owners not appealing.* As to owners not appealing from the classification made by the commissioners such classification is the basis for the levying of the taxes against their lands, but as to land owners appealing to the county court the classification fixed by such court is final, and until such appeal is determined there is no basis for the levying of the tax against their lands.

APPEAL from the County Court of Rock Island county; the Hon. R. W. OLMSTED, Judge, presiding.

SEARLE & MARSHALL, for appellant.

L. M. MAGILL, State's Attorney, and McENIRY & McENIRY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court against the lands of the appellant for delinquent drainage taxes. Appellant was dissatisfied with the classification of his lands by the commissioners and appealed therefrom to

the county court by filing bond as required, within the time required by statute. (Hurd's Stat. 1909, chap. 42, par. 98.) Notice of said appeal was served on the commissioners, and the parties appeared in the county court at the November term, 1910, where a trial by jury was had, as provided in paragraph 99 of chapter 42. During the progress of the trial the commissioners moved to dismiss the appeal for want of jurisdiction, but the motion was overruled. At the conclusion of the trial the jury were unable to agree and were discharged. The appeal had not been again tried but was still pending in the county court when the tax was levied and extended against appellant's lands on the basis of the classification made by the commissioners and when the application for judgment and order of sale was made to the county court. Appellant objected to judgment on the ground that an appeal was pending and undetermined. The objection was overruled and judgment was rendered for $2246.12, the amount of the tax levied on the basis of the classification from which the appeal was prosecuted. The question therefore raised for our decision is, was the effect of perfecting the appeal to stay further proceedings by the commissioners to levy the tax against appellant's lands and enforce the same by a judgment and an order of sale while the appeal was still pending?

It seems to us there can be little doubt as to the law governing this question. We must assume appellant prosecuted his appeal to the county court because he thought the commissioners proposed to tax his lands too high. They had no lawful authority to tax his lands more than they were benefited or more than their just proportion of the benefits, and the decision of the commissioners upon these questions is not made final by the statute but may be reviewed upon appeal to the county court. When the appeal was perfected it operated, like appeals in other cases, as a *supersedeas* to stay further proceedings against the lands of appellant until the appeal was determined. (*Merrifield* v.

*Cottage Piano Co.* 238 Ill. 526; *Smith* v. *Chytraus,* 152 id. 664.) Paragraph 102 of chapter 42 provides that the appeal shall not operate to delay the collection of any tax from which no appeal is prosecuted. It is clear the legislature intended the right of appeal to be a substantial right. If, notwithstanding an appeal is prosecuted from the decision of the commissioners, they could proceed to levy the tax and sell the lands to pay it before the appeal was heard and decided the right of appeal would be a mockery. When the appellant perfected his appeal from the decision of the commissioners they had no authority to levy and extend the tax against his lands until the appeal was disposed of. They could proceed to levy and collect the taxes against the lands whose owners did not appeal, because as to those lands the classification made by the commissioners was the basis for levying the taxes, but paragraph 99 makes the classification as fixed and determined on appeal to the county court final, and the classification thus fixed is required to be entered upon the drainage records and it becomes the basis for the levy and extension of the tax. It cannot be known, therefore, when an appeal is taken from the classification made by the commissioners, what is the basis for determining the amount of the taxes to be levied until the appeal is determined.

Appellee cites *People* v. *Meyers,* 124 Ill. 95, and *People* v. *Grace,* 237 id. 265, as sustaining the proposition that the commissioners have authority to proceed to levy the tax according to the classification made by them while an appeal is pending. In those cases it appears the commissioners proceeded with the levy of the tax while an appeal was pending, but before application was made for judgment and sale against the land the appeals were decided and the tax reduced. What was decided in the cases referred to was, that the collector was not entitled to judgment against the lands for a greater tax than was fixed by the jury upon the appeal. In the *Meyers case* the court held that the judgment

on appeal was conclusive as to the amount of benefits, and the appealing land owner could in no event be required to pay any greater sum.

In our opinion the county court erred in overruling appellant's objection, and the judgment is reversed and the cause remanded, with directions to sustain the objections.

*Reversed and remanded, with directions.*