THE PEOPLE ex rel. Charles A. Kellogg, County Collector, Appellee, vs. HARRY E. BROWN, Appellant.

*Opinion filed February 23, 1912—Rehearing denied April 3, 1912.*

1. DRAINAGE—*amount of assessment is limited by the benefits derived.* The authority for special assessments by drainage districts is conferred by section 31 of article 4 of the constitution, and the amount of any assessment is limited to the benefit derived from the work the assessment is levied to pay for.

2. SAME—*classification merely fixes the proportion of assessment which the lands shall bear.* The classification of the lands in a drainage district merely fixes the proportion of the assessment which the lands shall bear of any lawful levy that may be made, and does not deprive the land owner of the right to have the question determined whether the assessment exceeds the benefits.

3. SAME—*when objection that assessment exceeds benefits may be made on application for judgment.* A land owner in a drainage district has a right to a hearing, at some time and in some forum, on the question whether the benefits are equal to the assessment; and where the assessment is levied on a certificate that a certain amount is necessary for repairs for the ensuing year and to meet a deficiency in payment for repairs previously made, he may properly urge the objection on application for judgment and order of sale.

4. SAME—*land owner has a right to impeach certificate of levy.* A land owner has the right to show, on application for judgment and order of sale, that while the certificate of levy on which the assessment is based on its face purports to be for repairs to be made and for a deficiency in payment for repairs previously made, it was, in fact, levied to pay for work done and to be done not in pursuance of the original plan.

5. SAME—*there can be no valid levy to pay for an obligation not in existence.* There can be no valid levy of a drainage assessment to pay for an obligation which has no existence nor to meet an indebtedness created in advance for original work of any kind.

6. SAME—*digging new ditches and widening and deepening old ones is not repair work.* Digging new ditches and making the original ditches deeper and wider than they ever were is not repair work.

7. SAME—*section 70 of Farm Drainage act construed as to deficiency in payment for repairs.* Section 70 of the Farm Drainage act, assuming it to be constitutional, is the only authority ·in the

act for making a levy for work already done, and implies a previous levy for the purpose of repairs and some shortage or deficiency in the amount estimated.

8. BILLS OF EXCEPTIONS—*when bill of exceptions cannot be altered.* A bill of exceptions cannot be altered by the affidavit of an attorney in the case or by a certificate of the judge that he does not know whether the bill he signed was correct or not.

APPEAL from the County Court of Henry county; the Hon. LEONARD E. TELLEEN, Judge, presiding.

HARRY E. BROWN, (BARTLETT S. GRAY, of counsel,) for appellant.

CHARLES E. STURTZ, State's Attorney, and HENRY WATERMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Henry county applied to the county court of said county for judgment against lands of the appellant for a delinquent drainage tax levied on November 30, 1910, by the commissioners of the Big Slough Special Drainage District in Henry and Whiteside counties, to which the appellant filed twenty-three objections. The court struck from the files thirteen objections, overruled the remainder and rendered judgment for the amount of the tax.

The levy was for $5800, based on a certificate of the commissioners that $1300 was necessary to keep the drains and ditches in repair for the ensuing year and $4500 was necessary to meet a deficiency in payment for repairs previously made. The first objection which was stricken from the files related to jurisdiction and was waived by the general appearance. The second, fourth, fifth, sixth, twelfth, thirteenth and fifteenth were either not specific or attempted to raise questions not open to consideration, and the court

did not err in striking them from the files. The court erred in striking from the files the third objection, that there was no sufficient certificate of levy. The latter part of the tenth and the fourteenth and sixteenth objections were that the appellant's lands were assessed more than they would be benefited by the work done and proposed to be done, and that was a good objection. The authority for special assessments by drainage districts is conferred by section 31 of article 4 of the constitution, and the amount of any assessment is limited to the benefit derived from the work which it pays for. The power to levy such assessments is necessary to the organization and existence of drainage districts and the reclamation of swamp and overflowed lands, but the land owner has a right to the protection of the constitution and the law, and is not the lawful prey of the officials entrusted with authority to levy assessments. He has a right to a hearing on the question whether the benefits are equal to the assessment, somewhere and in some forum, before he can be compelled to pay, and the only opportunity appellant had was upon the application for judgment against his land. Counsel misapprehend the purpose of the original classification of the land when they insist that the amount appellant was to pay was then determined. The classification only fixed the proportion which his land should bear of any lawful levy that might be made. Nothing had ever been settled except the proportion which he should pay, and he had a right to make the objection and have it heard and determined. (*People* v. *Welch,* 252 Ill. 167.) The court erred in striking those objections from the files.

The nineteenth objection was that the levy was to pay for work done and to be done not in pursuance of the original plan although on its face it was for repairs, and the twenty-third alleged the unconstitutionality of section 70 of the Farm Drainage act. We know of no reason why the appellant might not question the constitutionality of sec-

tion 70, and he had a right to show that there was, in fact, no deficiency of $4500 in payment for repairs previously made, but that the sum was required to pay for new and original work done without authority of law. There can be no valid levy to pay for an obligation which has no existence. (*People* v. *Cairo, Vincennes and Chicago Railroad Co.* 252 Ill. 395.) The commissioners have no power to incur or create in advance any indebtedness for original work of any kind and then levy an assessment to meet it. (*Winkelmann* v. *Moredock and Ivy Landing Drainage District,* 170 Ill. 37; *Ahrens* v. *Minnie Creek Drainage District,* id. 262; *Vandalia Drainage District* v. *Hutchins,* 234 id. 31; *Morgan Creek Drainage District* v. *Hawley,* 240 id. 123.) These objections ought not to have been stricken from the files.

The drainage district was organized more than thirty years ago, and it appears that in August, 1910, lands were added to the district and an indebtedness incurred in digging a new ditch for their benefit. On November 7, 1910, the commissioners filed with the county clerk an order reciting that lands added to the district on August 30, 1910, required the construction of a main outlet in addition to those then possessed by the district, and ordering the engineer to report recommendations and an estimate of the cost of the construction of the outlet and an estimate of the amount which the new lands should be taxed. On November 17, 1910, they filed the statement required by section 70 of the Farm Drainage act, showing the following items: Excavation, $4352.80; attorney's fee, $402.90; commissioners' services, $419.90; for repairing ditch and material, $363.76; engineer's services, $83.50; publishing, $25.50; collector's commissions, $9.96;—aggregating $5658.32. On November 30, 1910, they made the certificate of levy.

The appellant called one of the commissioners as a witness and proved by him that the commissioners kept no

books or records showing the financial condition of the district; that they paid their money out by warrants and could only tell about their affairs by the stubs and reports of the county treasurer; that they let a contract to William McNeil for excavating branch ditches and deepening and widening ditches; that new work was done and all ditches were made deeper and wider than the original ditches; that they borrowed $1000 to pay McNeil on a new ditch on branch No. 1, and that they paid McNeil $4076.70. Digging new ditches and making original ditches wider and deeper than they ever were was not repair work, and this evidence tended to show that the greater part of the levy was illegal. The court, however, struck out all this evidence on motion of the attorney for the collector to exclude all of the evidence in the record except the record evidence and the oral testimony identifying it. The collector has filed a supplemental abstract of an affidavit made by the State's attorney and a certificate of the judge, which were filed in the clerk's office at the same time as the bill of exceptions and which we are asked to consider. The affidavit of the State's attorney says that at the time of settling the bill of exceptions he asked to have it corrected so as to show that his motion was to exclude all testimony as to the contents of written instruments, and the judge certifies that such an objection was made and that he had no distinct or independent recollection of the motion or his ruling, but from the notes of the reporter the bill of exceptions is correct. The bill of exceptions cannot be altered by the affidavit of the State's attorney or a certificate of the judge that he does not know whether the bill he signed was correct or not.

It is insisted by counsel for the collector that no evidence could be heard questioning the certificate of levy if on its face it appeared to be for objects within the authority given by the law; that no oral testimony could be received that a written document was false and the object stated therein had no existence, and that the records of the drainage com-

missioners are the only lawful evidence of their action, and cannot be contradicted, added to or supplemented by parol. If there must be a record of the commissioners to sustain a levy it appears that there was no such record, and the position of counsel as to impeaching a certificate of levy is not correct, as we have said.

Section 70 of the Farm Drainage act authorizes the commissioners to make a statement, annually, on or before the first day of December, to be filed with the county clerk, showing, among other things, the amount, if any, necessary to be levied to keep the work in repair for the year next ensuing, and also the amount of any deficiency in payment for repairs made. Nothing is said in argument in support of the objection stricken from the files that it violates any provision of the constitution, and we therefore assume that it is free from any such objection. It is the only authority in the act for making a levy for work already done, and implies a previous levy for the purpose of repair and some shortage or deficiency in the amount estimated. In this case there does not appear to have been any previous levy for repairs which unexpectedly proved insufficient, and it needs no argument to demonstrate that an attorney's fee of $402.90, and other items in the statement filed, could not be included in the description of a deficiency in an estimate for repairs. Changes in the rate of wages or cost of material or some unlooked for contingency might create a deficit within the meaning of section 70, but such a levy as this for such a district could not be justified under that section.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*