(December 1, 1923.)

## OLIVER O. HAGA, Respondent, v. NAMPA AND MERIDIAN IRRIGATION DISTRICT, a Corporation, Appellant.

### [221 Pac. 147.]

IRRIGATION DISTRICTS — CONTRACTS BETWEEN IRRIGATION DISTRICTS AND UNITED STATES GOVERNMENT—LEVY OF ASSESSMENTS—CONFIRMATION.

1. An irrigation district has no right to actually levy an assessment under C. S., sec. 4387, against land, and sell the same for delinquent assessment, until after the confirmation of the apportionment of benefits in accordance with C. S., sec. 4364.

2. Assessments under C. S., sec. 4482, are to be levied as provided in C. S., sec. 4387.

3. Assessments to pay maintenance and operation charges on water rights purchased by an irrigation district from the United States government may, under C. S., secs. 4485–4492, be levied prior to the proceedings provided for in C. S., sec. 4364.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to enjoin levying or assessing taxes by irrigation districts. Judgment for plaintiff. Affirmed in part and reversed in part.

H. E. McElroy and B. E. Stoutemyer, for Appellant.

An irrigation district has jurisdiction to levy taxes based on an assessment of benefits before such assessment has been finally confirmed by the courts under C. S., sec. 4364. (C. S., secs. 4362, 4387 and 4481; *Modesto Irr. Dist. v. Tregea,* 88 Cal. 334, 26 Pac. 237; *Crall v. Poso Irr. Dist.,* 87 Cal. 140, 26 Pac. 797; *Progressive Irr. Dist. v. Anderson,* 19 Ida. 504, 114 Pac. 16.)

"The right to an appeal being purely statutory, the legislature has the authority to make the decision of the municipal officers final and conclusive." (Hamilton, Law of

Special Assessments, par. 755; *Hughes v. Parker,* 148 Ind. 692, 48 N. E. 243.)

"Special assessments are a species of taxation which is constitutional and proper, without any provision for an appeal from the action of those intrusted with the duty of making or revising such assessments." (Hamilton, Law of Special Assessments, par. 755; *Colburn v. Wilson,* 24 Ida. 94, 132 Pac. 579; *Oil City v. Oil City Boiler Works,* 152 Pa. St. 348, 25 Atl. 549; *Bowers v. Braddock,* 172 Pa. St. 596, 33 Atl. 759.)

Where a statute grants a right or imposes a duty, it confers by implication every particular power necessary for the exercise of the one or the performing of the other. (*Newcomb v. City of Indianapolis,* 141 Ind. 451, 40 N. E. 919, 28 L. R. A. 732; *Bailey v. State,* 163 Ind. 165, 71 N. E. 655; *Johnston v. Louisville,* 74 Ky. (11 Bush) 527; *Heard v. Pierce,* 62 Mass. 338 (8 Cush.), 54 Am. Dec. 757.)

The determination of the assessing board as to what property is benefited, and the extent of such benefit, is conclusive in the absence of fraud or mistake. (*Erickson v. Cass County,* 11 N. D. 494, 92 N. W. 841; *Rogers v. City of St. Paul,* 22 Minn. 494; *Carpenter v. City of St. Paul,* 23 Minn. 232; *Cunningham v. Board,* 27 Minn. 442, 8 N. W. 161; *Shuttuck v. Smith,* 6 N. D. 56, 69 N. W. 5; *Wright v. Chicago,* 48 Ill. 287.)

The right to object to assessment is waived by accepting the benefits and using the water obtained by the bond issue or contract. (*Page v. Oneida Irr. Dist.,* 26 Ida. 108, 141 Pac. 238.)

Richards & Haga, for Respondent.

The legislature has not vested in irrigation districts unlimited power in the determination of benefits but it has wisely provided that a land owner's property cannot be taken under the power of taxation until the proceedings for the determination and assessment of benefits have been examined, reviewed, corrected and confirmed by the district court. (C. S., secs. 4363, 4364, 4365, 4366, 4381, 4387.)

The mischief of a strict construction is easily obviated by the legislature; but the mischief of a liberal construction may be irremediable before it can be reached. (1 Cooley on Taxation, 3d ed., pp. 468, 469; *Smith v. City of Omaha,* 49 Neb. 883, 69 N. W. 402; *Leavitt v. Bell,* 55 Neb. 57, 75 N. W. 524.)

The provisions in the statutes for confirmation by the court are for the benefit and protection of the individual taxpayer, and they are conditions precedent to a lawful demand upon the citizen. (2 Page & Jones on Taxation by Assessment, sec. 910; *Flint v. Webb,* 25 Minn. 93; *Fisher v. Mayor,* 67 N. Y. 73.)

Where confirmation is provided for by statute as one of the steps in levying the assessment, such confirmation is necessary to the validity of the assessment. (2 Page & Jones on Taxation by Assessment, secs. 910, 1351; *Manor v. Board of Commrs.,* 137 Ind. 367, 34 N. E. 959, 36 N. E. 1101; *Black v. Thompson,* 107 Ind. 162, 7 N. E. 184; *Early v. City of Fort Dodge,* 136 Iowa, 187, 113 N. W. 766; *Aherns v. City of Seattle,* 39 Wash. 168, 81 Pac. 558.)

GIVENS, District Judge.—Upon rehearing, the original opinion herein is withdrawn and the following substituted as the opinion of the court.

Respondent is the owner of 320 acres in appellant irrigation district. Eighty acres of respondent's land are watered by appellant district with what is known as "Ridenbaugh water," and no controversy exists with regard to the same. The balance, 240 acres, is irrigated from the Boise project of the United States Reclamation Service and from waste water.

In October, 1914, the district, without the consent of respondent, entered into a contract with the United States, through the Secretary of the Interior, to purchase water rights for, among other lands in the district, the 240 acres belonging to respondent, such water rights to be paid for by respondent at $75 per acre. Respondent contested the contract, which was affirmed in *Nampa & Meridian Irr.*

*Dist. v. Petrie,* 28 Ida. 227, 153 Pac. 425, 248 U. S. 154, 39 Sup. Ct. 25, 63 L. ed. 178.

Thereafter the district directors made an assessment of benefits to pay the cost of these additional water rights so purchased, and after proceedings had been instituted in the district court to confirm said assessment of benefits, but prior to their confirmation, the district made annual levies to pay maintenance and operation charges on said water rights. Respondent is contesting the collection of such levies, contending that the same are not valid liens and may not be enforced prior to the confirmation of the apportionment of benefits by the district court.

Appellant contends that the assessments to pay the contract price for these additional water rights, such payments to be made to the United States government, are governed by the same statute providing for the payment of district bonds and the interest thereon, and that since bonds may be issued and confirmed under C. S., sec. 4361, and *mandamus* issue against the directors to compel the district to make the necessary levies to pay the interest on such bonds, it is unnecessary to wait until the confirmation proceedings before such levies may be made and enforced. Appellant also urges that the statute be given a construction consonant with the purpose for which it was enacted, such main purpose being to furnish water. It is not to be lost sight of, however, that this water is to be furnished to, and for the benefit of, the land owners, and they and not the officers of the district are the real parties in interest. C. S., secs. 4387 and 4482, as originally passed by the 1915 session of the Idaho legislature (1915 Sess. Laws, c. 143, sec. 8, p. 314), were in one section, but were separated by the codifier of the Compiled Laws of 1918, and so placed in the Compiled Statutes of 1919. This, however, did not add to or change the original enactment which thus had provided the same procedure for the payment of bonds and the interest thereon as for the payments to the United States government on contracts between irrigation districts and the government.

Where an irrigation district has contracted with the United States for additional water rights, to be furnished by the United States, the assessments to pay therefor are to be levied as provided for in C. S., sec. 4382, which section in terms provides that such levies are to be made in accordance with C. S., sec. 4387.

The authorities cited by appellant are, therefore, not in point, because the question of the levy of assessments to defray the purchase price of such water rights is one of statutory construction bearing upon C. S., sec. 4387, the material portion of which reads as follows:

"At its regular meeting in October the board of directors shall levy an assessment upon the lands in said district upon the basis, and in the proportion, *of the list and apportionment of benefits approved by the court as hereinbefore provided* . . . . " (Italics ours.)

The section of the statute with regard to the court's confirming a bond issue is found under an entirely different article of the statute and relates solely to the issuance and sale of bonds.

*Modesto Irr. Dist. v. Tregea,* 88 Cal. 334, 26 Pac. 237, a case cited by appellant involved the sufficiency of notice of levy, and is not in point herein, but contains the following language which is pertinent:

"The formation of irrigation districts is accomplished by proceedings so closely analogous to those prescribed for the formation of swamp-land reclamation districts that the decisions with respect to the latter are authority as to the former . . . . "

The following decisions, therefore, some of which construe and interpret drainage acts and are decisive of similar statutes, are in point and clearly sustain, on this phase of the case, the conclusions reached by the lower court.

The rights and liabilities of the land owners are determined by the classification, not by spreading the assessment. (*Legro v. Drainage Commrs. of Ashkum Drainage Dist. No. 1,* 297 Ill. 155, 130 N. E. 369.) The right to levy a tax by which the owner may be deprived of his property

exists by authority of statute alone, which must be strictly followed. (*People v. Welch,* 252 Ill. 167, 96 N. E. 991, at 995.)

*People v. Grace,* 237 Ill. 265, 86 N. E. 628, is authority for the conclusion reached by the lower court, though in that case the classification made by the commissioners was held to be binding until reversed. It was so held because of two statutory provisions not in the Idaho law, viz.: first, that the court therein had power only to correct and remand, while the Idaho statute expressly authorizes the district courts, in confirmation proceedings, to fix the apportionment of benefits without remanding to the commissioners; and, second, the Illinois statute provided that an appeal did not stay the enforcement of the assessment, while the Idaho statute (C. S., sec. 4387) expressly provides that the levy is to be made upon the classification confirmed by the court.

The Illinois supreme court has given *People v. Grace, supra,* the following construction:

"They [the commissioners] had no lawful authority to tax his lands more than they were benefited, or more than their just proportion of the benefits; and the decision of the commissioners upon these questions is not made final by the statute [the Idaho statute requires confirmation of the proceedings] but may be reviewed upon appeal to the county court. . . . . When the appellant perfected his appeal from the decision of the commissioners [and so prior to the confirmation by the district court], they had no authority to levy and extend the tax against his lands until the appeal was disposed of." (*People v. Weatherhead,* 253 Ill. 85, 97 N. E. 287.)

They might proceed against the land owners who had not appealed, and so in the case at bar, assessments might be levied against the parties who had not objected at the time of the confirmation proceedings.

It cannot be known until after confirmation proceedings in the district court what classification is the basis upon which the tax is to be levied.

"In the Carr case, *supra* [*Carr v. People*, 224 Ill. 160, 79 N. E. 648], we pointed out that the validity of the tax depended upon the validity of the classification roll upon which the tax was spread, and that, as objections raised to the classification roll were merely to the validity of the tax, the question was one which might properly be raised by objection on application for judgment." (*People v. Jonkman*, 266 Ill. 229, 107 N. E. 159.)

In the case last above quoted from, the court also held that assessments paid on void classification are illegal, and voluntary payment of the same does not prevent or estop the land owner from questioning and refusing further payments. Each assessment levied under such classification is a new proceeding, and each assessment is a new tax.

The Weatherhead case, *supra,* was further sustained as follows:

"The drainage commissioners, in making the classification of the lands of the district, are dealing directly with a valuable property right of the taxpayers. The classification is the basis upon which future assessments are to be made. It is, in effect, a valuation, for the assessment purposes, of the benefits each tract of land will receive from the proposed improvement. It is the exercise of a power over the property of the citizen which, if improperly used, may result in the end in a violation of the constitutional right of the property owner, in that he may be required to pay a larger proportion of the cost of the improvement than his lands are benefited, or he may be required to pay a larger proportion of taxes than others in proportion to benefits received. . . . . The legislature has provided a remedy by an appeal [in Idaho confirmation proceedings] to the county court by any land owner who appears and objects to his classification; and since, as we have attempted to show, the nature of the rights involved are such as are properly cognizable by the judiciary, when properly brought before it, the statute authorizing an appeal as a means of bringing the matter before the court is not unconstitutional. . . . . In the case last above cited [*People v. Weatherhead,*

*supra*] . . . . it was inferentially held . . . . that such appeal operated as a *supersedeas,* and stayed the collection of the tax upon the lands involved in the appeal until such appeal was finally determined." (*Rowand v. Little Vermilion Special Drainage Dist.,* 254 Ill. 543, 98 N. E. 969.)

Our statute is as clear as any inference referred to in the above cases.

*People v. Soucy,* 261 Ill. 108, 103 N. E. 570, confirms *People v. Welch, supra,* in the particular reasoning above set forth, and *People v. Brown,* 253 Ill. 578, 97 N. E. 1075, announces the same doctrine. And in commenting upon the confirmation proceedings as provided for in the statute under consideration here, this court has clearly held that such proceedings are necessary in order to make the levy of an assessment constitutional, and has, therefore, followed the Illinois interpretation.

"Every land owner affected by the proceedings, or whose property is taken or damaged, is entitled to a jury trial in the district court for the purpose of ascertaining the validity of the assessments levied against his land or the justness of the damages awarded. These proceedings, when properly followed, with due regard to the rules and notices required to give validity to judicial proceedings, satisfy the requirements that private property shall not be taken for public use without just compensation or due process of law." (*Drainage District No. 2 v. Extension Ditch Co.,* 32 Ida. 314, 182 Pac. 847.)

The inference is irrefutable from the above language of this court that, in the absence of such confirmation proceedings, the levy of an assessment would be without due process of law. (*Oregon Short Line R. R. Co. v. Pioneer Irr. Dist.,* 16 Ida. 578, at 605, 102 Pac. 904; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, at 231, 101 Pac. 81.)

Only the confirmation proceedings are *res adjudicata* as to the apportionment of benefits. (*Russell v. Irish,* 20 Ida. 194, 118 Pac. 501; *In re Drainage Dist. No. 1,* 29 Ida. 377, 161 Pac. 315.)

"Should any land owner make objection to said assessment or any part thereof before said board, and said objection is overruled by the board, and the land owner does not consent to the assessment as finally determined, such objection shall, without further proceedings, be regarded as appealed to the district court and to be heard at the said proceedings to confirm as aforesaid. Like objections may be urged by land owners who may be affected by the drainage system or stored supplemental water rights." (*Nampa & Meridian Irr. Dist. v. Petrie,* 28 Ida. 227, at 237.)

The above language and construction heretofore placed upon the statute with regard to the apportionment of benefits under the Idaho statute is squarely in accord with the doctrine announced in *Rowand v. Little Vermilion Special Drainage Dist., supra.* And in the Petrie case, *supra,* it is expressly stated that a determination of the legality of the contract, the basis of the questioned purchase price charges herein, was not *res adjudicata* as to assessments; hence, it cannot be said that any determination of the legality of bonds or of the legality of the organization of the district is *res adjudicata* as to the legality of the apportionment of benefits and does away with the necessity of the confirmation proceedings.

Under a somewhat similar statute, the lien of an assessment for a swamp-land reclamation district as compared to the benefits is open to investigation if the validity of the assessment has not been established by the courts. (*Swamp Land Reclamation Dist. No. 341 v. Blumenberg,* 156 Cal. 532, 106 Pac. 389.)

An appeal supersedes the report of the committee appointed to make an apportionment, and prevents the foreclosure of an assessment while the appeal is pending. (2 Page & Jones on Taxation by Assessment, sec. 1350.) It would be an idle formality to confer the right of appeal upon a party and withhold from him the practical benefit of such appeal, and a lien for an assessment cannot be foreclosed against property owners during the pendency of their

appeal from the assessment. (*City Bond Co. v. Bruner,* 34 Ind. App. 659, 73 N. E. 711.)

Confirmation proceedings in the district court would be of no value if assessments could be levied on the apportionment of benefits prior to such confirmation and the money collected and paid to the United States government under the contract mentioned in the case at bar. The land owner would be without any adequate remedy.

In the confirmation proceedings, the court has power to make any adjustment as to the apportionment of benefits to which objection has been made, and does not act merely in the capacity of a rubber stamp. (*Early v. City of Ft. Dodge,* 136 Iowa, 187, 113 N. W. 766; C. S., sec. 4366.)

In some states, the apportionment of benefits made by the district commissioners is final unless an appeal is taken within a certain time, as is the Idaho law with respect to the confirmation of a district. (*Miller & Lux v. Sacramento & San Joaquin Drainage Dist.,* 182 Cal. 252, 187 Pac. 1041.) Our statute (C. S., sec. 4364) requires the directors to bring an action to confirm the apportionment of benefits, and until such has been done no valid assessment to pay interest or provide a sinking fund for bonds can be levied or enforced.

From the argument on rehearing, it appears that the assessments ordered paid in the original opinion were for payment of charges under the contract with the United States, and not for charges due the district under C. S., secs. 4384 and 4386.

The assessments to meet the purchase price payments involved in the present controversy should have been levied on the apportionment of benefits approved by the court under C. S., sec. 4387, while assessments for general maintenance and operation of the district where no contract with the United States government is involved are to be levied under C. S., sec. 4384. The maintenance and operation assessments involved herein, being levied as provided in C. S., secs. 4485–4492, do not depend upon a confirmation of the district court for their validity, and, therefore, are properly a lien against respondent's land until paid.

There is no question in the case at bar as to the validity of any bonds issued by the district. There is no question as to the validity of the organization of the district. There is no question as to the legality of the contract.

Counsel for appellant complain bitterly because this distinction between the application of the various sections of the statute is recognized and given effect by the court. If this distinction is to be abolished, relief must come from the legislature.

The judgment of the lower court is, therefore, affirmed as to the assessments levied to pay for the water rights purchased from the government, and reversed as to the assessments to pay maintenance and operation charges thereon, and it is so ordered. Costs are awarded to respondent.

Budge, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing and took no part in the decision.