(No. 5250. December 31, 1929.)

OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant, v. MINIDOKA IRRIGATION DISTRICT, a Corporation, Respondent.

[283 Pac. 614.]

Geo. H. Smith, H. B. Thompson and J. H. McEvers, for Appellant.

586

S. T. Lowe and H. V. Creason, for Respondent.

GIVENS, J.—June 3, 1905, the Minidoka & Southwestern Railroad Company completed the construction of a railroad through the territory involved herein. Since October 31, 1910, appellant has by purchase through mesne conveyances been the owner of said right of way and trackage, its use of the lands embraced in the right of way being restricted by act of Congress to railroad uses.

During 1907 the U. S. Reclamation Service placed the territory through which the portion of appellant's right of way involved herein extends, under irrigation. March 6, 1916, the Secretary of the Interior issued an order which provided so far as material here that "rights of way for the Minidoka & Southwestern Railroad Company will be deducted from the irrigable area."

On or about December 2, 1916, the Minidoka Irrigation District contracted with the Secretary of the Interior under Act of Congress June 17, 1902, and acts amendatory thereof, to take over and operate the Minidoka project. At that time there were no water rights under the said reclamation project appurtenant to the railroad right of way, no water available therefor, and no water had been delivered to or received by the right of way for use in connection therewith. Nor has there been since.

No assessments were ever levied against the right of way until December 1, 1925, when the Board of Directors of the respondent district levied upon appellant's right of way an assessment for operation and maintenance for the year 1925 which was contested, resulting in this litigation.

Appellant urges that under C. S., sec. 4489, the assessment is not authorized. Other grounds of opposition touch upon the constitutionality of the statutes involved which latter

points, in view of our disposition of the case, need not be considered.

C. S., sec. 4486, limits the levying of assessments under the situation here involved to the method prescribed in C. S., chap. 178, not chap. 175, thus:

"In cases where the United States has constructed irrigation works, canals and laterals, under the provision of the act of Congress of June 17, 1902, known as the Reclamation Act, or acts amendatory or supplemental thereto, within the boundaries of an irrigation district, or for the irrigation of lands within an irrigation district organized either before or after the construction of said works, the board of directors of said irrigation district may enter into a contract with the United States to care for, operate and maintain the said works, or parts thereof, and may levy assessments for the purpose of such operation and maintenance of said works, and collect the same in the same manner as in this chapter provided."

C. S., sec. 4489, provides as follows:

"Such operation and maintenance assessment shall be apportioned pursuant to the provisions of section 5 of the Act of Congress of August 13, 1914, known as the Reclamation Extension Act, upon the basis of the number of acre-feet of water delivered during the preceding irrigation season but with a minimum charge upon each acre of irrigable land whether irrigated or not for delivery of not less than one acre-foot of water."

Assessments under C. S., sec. 4482, are not for maintenance and operation. (*Haga v. Nampa & Meridian Irr. Dist.*, 38 Ida. 333, 221 Pac. 147.)

Respondent relies largely on *Oregon Short Line R. R. Co. v. Pioneer Irr. Dist.*, 16 Ida. 578, 102 Pac. 904. This case was decided with relation to the statutes in C. S., chap. 175. The assessments in said chapter are levied under C. S., sec. 4384, on all the lands of the district "proportionate to the benefits received by such lands growing out of the maintenance and operations of the said works of said district," there being no restrictions as in C. S., sec. 4489.

Section 4489 is in chap. 178 and applies only to districts co-operating with the federal government and provides that the assessments shall be apportioned pursuant to the provision of sec. 5 of the Act of Congress of August 13, 1914. Such section is as follows (chap. 247, sec. 5, 38 Stat. 687; secs. 492, 499, tit. 43, U. S. Code Ann.) :

"In addition to the construction charge, every water° right applicant, entryman or landowner under or upon a reclamation project shall also pay, whenever water service is available for the irrigation of his land, an operation and maintenance charge based upon the total cost of operation and maintenance of the project, or each separate unit thereof, and such charge shall be made for each acre-foot of water delivered; but each acre of irrigable land, whether irrigated or not, shall be charged with a minimum operation and maintenance charge based upon the charge for delivery of not less than one acre-foot of water. If the total amount of operation and maintenance charges and penalties collected for any one irrigation season on any project shall exceed the cost of operation and maintenance of the project during that irrigation season, the balance shall be applied to a reduction of the charge on the project for the next irrigation season, and any deficit incurred may likewise be added to the charge for the next irrigation season.

"Whenever any legally organized water-user's association or irrigation district shall so request, the Secretary of the Interior is authorized, in his discretion, to transfer to such water-users' association or irrigation district the care, operation and maintenance of all or any part of the project works, subject to such rules and regulations as he may prescribe."

Thus it appears that C. S., sec. 4489, follows chap. 247, sec. 5, 38 Stat. 687, sec. 492, tit. 43, U S. Code Ann., in restricting the assessments, among other conditions precedent, to "whenever water service is available for the irrigation of his (owner's or entryman's) land." It will be noted that by sec. 492, U. S. Code Ann., the water service

is to be available to "his"'land, that is, the individual, not generally.

The trial court found that "there was not at that time (when the contract between the Minidoka Irrigation District and the Reclamation Service was entered into whereby the Minidoka District, respondent herein, took over the project) and there has not been at any time since any water available for the irrigation of said lands occupied by said right of way." C. S., sec. 4489, clearly recognizes the force of the portion of the act of Congress of August 13, 1914, emphasized by its recognition of the importance of the delivery of water or irrigability of land which of course would presuppose available water. The fact the land owner had not ordered water would be immaterial if water were available which herein the court found there was not. (*Otis Orchards Co. v. Orchards Irr. Dist.*, 124 Wash. 510, 215 Pac. 23.)

The premise that a railroad right of way would not want or need water does not so much support the conclusion that the nonavailability of water therefor would be of no moment and not a controlling or logical condition precedent to assessing the right of way for maintenance of the district, as it does support the thought that since no water would be used on the right of way, the legislature in framing the sections of the statute under consideration contemplated that no charge should be made against the right of way since no benefit would accrue, at least directly, to the right of way through making water available to the railroad.

Conceding that under the broad terms of C. S., sec. 4384, in chap. 175, any land in the district would, under *Oregon Short Line R. Co. v. Pioneer Irr. Dist.*, *supra*, be chargeable with maintenance assessments, the limiting clauses in C. S., sec. 4489, and the acts of Congress must have meant something different than C. S., sec. 4384. Otherwise reference for assessment could and it seems reasonable to suppose would merely have been made to C. S., sec. 4384, without further comment.

From the finding above mentioned, it follows that under C. S., sec. 4489, with reference to chap. 247, sec. 5, 38 Stat. 687, sec. 492, 499, tit. 43, U. S. Code Ann. of Act of Congress, August 13, 1924, no assessment for maintenance and operation could be levied. None of the cases relied upon by respondent considers chap. 178 as to the feature here involved.

In an irrigation district drainage is incidental to irrigation (C. S., sec. 4347) and if this general power (that is, for irrigation districts to drain) conferred in C. S., chap. 175 be applicable to districts operating under C. S., chap. 178, which we do not decide, no separate method of assessment for drainage appears to be invoked since there is neither pleading, proof nor findings that the amendment to C. S., sec. 4347, as amended in 1925, Sess. Laws 245, chap. 139, later amended 1927 Sess. Laws 291, chap. 207, and 1929 Sess. Laws 180; chap. 112, is relied upon for upholding the part of the disputed assessment devoted to drainage. It follows that the whole assessment fails. The judgment is reversed and remanded with instructions to enter judgment for appellants.

Costs awarded to appellants.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.